FRANK W. TERWILLIGER, Appellant, *v.* BROWNING, KING & COMPANY, Respondent.

**Landlord and tenant — eviction of tenant for non-payment of rent and subsequent tender by tenant of all rent in arrears with demand for possession of premises — when landlord's refusal to reinstate tenant constitutes a cause of action — when landlord after dispossession of tenant has no right to remove or destroy fixtures in leased building.**

1. The defendant rented to plaintiff certain premises, properly equipped, to be used as a Turkish and Russian bath establishment. The plaintiff was removed from the premises by virtue of a warrant in summary proceedings, founded upon an allegation that the plaintiff held over after a default in the payment of rent. The defendant after removing the plaintiff destroyed the equipment constituting the

bath establishment so that the premises could not further be maintained and used for that purpose.   Within a month after the eviction plaintiff tendered to the defendant all rent in arrears at that time, with interest and the sum of its costs and charges in the summary proceedings, and demanded possession of the premises, which tender defendant refused.   The plaintiff thereupon instituted a proceeding to redeem the premises, and an order was made awarding him possession on payment of the amount stated therein.   The plaintiff tendered the amount fixed by the order, and demanded possession, which was refused, defendant having in the meantime entered into a lease with another party for a term expiring within a year from the date of the eviction.   *Held*, that the lease, the unexpired term of which exceeded five years, the summary proceeding founded upon a default in the payment of rent, the dispossession by virtue of the warrant issued, and the tender, entitled plaintiff to the possession of the premises, under the lease and to the holding and enjoyment of them according to the terms of the lease, subject, however, to the lease executed by the landlord.   These facts constitute a cause of action. (Code Civ. Pro. §§ 2253, 2256, 2258, 2259.)

2.   The right to the possession and the possession of these premises, through the issuance and execution of the warrant, were transferred to the defendant, and contemporaneously therewith arose its duty to hold and preserve that possession of the premises, subject to the right to redeem and so that the redemption might act upon it and secure the return of it to the tenant, except as that duty is modified by the provisions of section 2258 of the Code of Civil Procedure. Therefore, the defendant did not have the right to destroy, within the period for redemption, the equipments for bathing.

*Terwilliger* v. *Browning, King & Co.*, 165 App. Div. 799, reversed.

(Argued October 30, 1917; decided December 4, 1917.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered April 26, 1915, affirming a judgment in favor of defendant dismissing the complaint upon failure of plaintiff to serve an amended complaint, pursuant to leave granted him in an interlocutory judgment sustaining a demurrer to the complaint.   The notice of appeal brings up for review the interlocutory judgment.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Augustus Van Wyck* and *Abraham Feinstein* for appellant. The plaintiff is entitled to damages for the destruction of the leased premises. (Code Civ. Pro. §§ 2256, 2258; *Hodgkiss* v. *Dayton, Brower Co., Inc.,* 93 Misc. Rep. 109; *Meeker* v. *Spalsberg,* 60 N. J. L. 60; *Rich* v. *Doyenn,* 85 Hun, 510.) The plaintiff is entitled to damages for the refusal of the defendant to let him into possession of the leased premises. (*United Realty Co.* v. *Roth,* 193 N. Y. 570; *Ellis* v. *Moore,* 208 N. Y. 103.) The defendant is liable to the plaintiff for a breach of the lease. (*Terwilliger* v. *Browning, King & Co.,* 152 App. Div. 522; *Snow* v. *Pulitzer,* 142 N. Y. 263; *Crawford* v. *Waters,* 46 How. Pr. 210; *Yick Wo* v. *Hopkins,* 118 U. S. 356; *Simon* v. *Schmidt,* 139 App. Div. 625.)

*Charles P. Northrop* for respondent. No cause of action accrued to plaintiff by reason of the alleged destruction of the bath establishment. (*Knapp* v. *City of Brooklyn,* 97 N. Y. 520; *St. James Church* v. *Huntington,* 82 Hun, 125; *Peerrot* v. *Mt. Morris Bank,* 120 App. Div. 247; *Ellis* v. *Keeler,* 126 App. Div. 343; Code Civ. Pro. § 2253; *Caesar* v. *Rubinson,* 174 N. Y. 493, 498; *Slater* v. *Van Chorus,* 120 App. Div. 16; *Berg* v. *Kaiser,* 137 App. Div. 1; *Bien* v. *Bixby,* 22 Misc. Rep. 126; 3 McAdam on Landl. & Ten. 159.) The order of redemption is a complete bar to any claim for damages as to matters connected with the premises from the date of the warrant of dispossession to the entry of the said order. (Code Civ. Pro. § 2259; *Bien* v. *Bixby,* 22 Misc. Rep. 126; 18 Misc. Rep. 415; *Smith* v. *Rathbun,* 75 N. Y. 122; *Kraeger* v. *Warnock,* 81 App. Div. 150.) The alleged failure of the defendant to place the plaintiff in possession pursuant to the order of redemption gave rise to no cause of action in plaintiff's favor. (*U. M. Realty & Imp. Co.* v. *Roth,* 193 N. Y. 570; *Gardner* v. *Keteltas,* 3 Hill, 330; *Mirsky* v. *Horowitz,* 46 Misc. Rep.

257; Code Civ. Pro. § 1496; 2 McAdam on Landl. & Ten. [4th ed.] 1504; *Mosher* v. *Yost*, 33 Barb. 240; *People* v. *Mayor*, etc., 28 Barb. 240; Code Civ. Pro. § 1675.)

COLLIN, J.   The plaintiff seeks to recover the damages sustained by reason of the refusal of the defendant, a corporation, to deliver to him, upon a tender by him in accordance with section 2256 of the Code of Civil Procedure, the possession of premises in New York city from which the defendant had removed him, as its tenant, through summary proceedings after his default in paying the rent.   The defendant demurred to the complaint as not stating facts sufficient to constitute a cause of action.   The demurrer was sustained at Special Term by an interlocutory judgment permitting the service of an amended complaint.   The complaint was not amended and final judgment dismissing the complaint was rendered, and affirmed by the Appellate Division.   The notice of appeal brings to us for review the two judgments.

The alleged facts, in effect are: April 3, 1908; the defendant as landlord rented to plaintiff as tenant the premises, adequately and properly equipped, and to be used, as a Turkish and Russian bath establishment, for the term of sixteen years.   February 25, 1910, the plaintiff was removed from the premises by virtue of a warrant in summary proceedings, founded upon an allegation that the plaintiff held over, after a default in the payment of rent, awarding possession of the premises to the defendant and directing the removal of the plaintiff from them.   March 24, 1910, plaintiff tendered to the defendant all rent in arrears at that time, with interest and the sum of its costs and charges in the summary proceeding, and demanded possession of the premises, but said defendant absolutely refused and still refuses to deliver possession of them.   The

defendant after removing the plaintiff destroyed the equipment constituting the bath establishment so that the premises could not further be maintained and used as a Turkish and Russian bath establishment. July 20, 1910, the plaintiff instituted a proceeding in the Municipal Court of New York city to redeem said premises and on August 2, 1910, an order, made a part of the complaint, was made and duly served upon defendant awarding plaintiff possession of said premises on payment of the amount stated therein. August 3, 1910, the plaintiff in pursuance of the order tendered defendant the amount fixed by the order, and demanded possession of the premises, and the defendant refused and still refuses to deliver the said premises to plaintiff, or permit plaintiff to secure possession of them, to the damage of the plaintiff in the sum of two hundred thousand dollars. By the order awarding plaintiff possession, it was adjudged that on or about March 1, 1910, the defendant as landlord entered into a lease with the Hudson and Manhattan Railway Company, as tenant, for a portion of the premises for a term expiring November 1, 1910, at the monthly rent of $250. This action was commenced March 18, 1914. We are to determine whether or not those facts constitute a cause of action against the defendant.

It is manifest that the sections of the Code of Civil Procedure relating to summary proceedings to recover the possession of real property must be considered. Four sections are directly involved: Section 2253, which provides: "The issuing of a warrant for the removal of a tenant from demised premises, cancels the agreement for the use of the premises, if any, under which the person removed held them; and annuls accordingly the relation of landlord and tenant, except" it does not destroy the right of the landlord to the unpaid back rent or value of the use and occupation where rent was

not provided for; section 2256, which provides: " Where the special proceeding is founded upon an allegation that a lessee holds over, after a default in the payment of rent, and the unexpired term of the lease, under which the premises are held, exceeds five years, at the time when the warrant is issued; the lessee, his executor, administrator, or assignee, may, at any time within one year after the execution of the warrant, pay or tender to the petitioner, his heir, executor, administrator, or assignee, or if, within five days before the expiration of the year, he cannot, with reasonable diligence, be found within the city or town, wherein the property, or a portion thereof, is situated, then to the judge or justice who issued the warrant, or his successor in office, all rent in arrear at the time of the payment or tender, with interest thereupon, and the costs and charges incurred by the petitioner. Thereupon the person making the payment or tender, shall be entitled to the possession of the demised premises, under the lease, and may hold and enjoy the same, according to the terms of the original demise, except as otherwise prescribed in the next section but one." Section 2257 empowers a judgment creditor or mortgagee of the lease, under the conditions it prescribes, to redeem for his own benefit in like manner as the lessee, or his designated representative might have so redeemed, and is not directly relevant to this case. Section 2258, which provides that the rights of the person redeeming are subject to any lease, executed by the landlord, since the warrant was issued, " so far that the new lessee, his assigns, undertenants or other representatives, may, upon complying with the terms of the lease, hold the premises so leased until twelve o'clock, noon, of the first day of May, next succeeding the redemption. And, in all other respects, the person so redeeming, his assigns and representatives, succeed to all the rights and lia-

bilities of the petitioner, under such a lease." Section 2259 provides: "The person redeeming, as prescribed in the last three sections, or the owner of the property so redeemed, may present to the judge or justice who issued the warrant, or to his successor in office, a petition, duly verified, setting forth the facts of the redemption, and praying for an order, establishing the rights and liabilities of the parties upon the redemption. Whereupon the judge or justice must make an order requiring the other party to the redemption to show cause before him, at a time and place therein specified, why the prayer of the petition should not be granted. The order to show cause must be made returnable, not less than two nor more than ten days, after it is granted; and it must be served at least two days before it is returnable. Upon the return thereof, the judge or justice must hear the allegations and proofs of the parties, and must make such a final order as justice requires. The costs and expenses must be paid by the petitioner. The final order, or a certified copy thereof, may be recorded in like manner as a deed. A person, other than the lessee, who redeems as prescribed in the last three sections, succeeds to all the duties and liabilities of the lessee, accruing after the redemption, as if he was named as lessee in the lease."

The unexpired term of the lease between the parties here exceeded five years at the time the warrant was issued. The facts alleged — the lease for sixteen years from April 3, 1908, the summary proceeding founded upon a default in the payment of rent and the dispossession on February 25, 1910 by virtue of the warrant issued February 23, 1910, the tender on March 24, 1910 — entitled the plaintiff to the possession of the premises, under the lease and to the holding and enjoyment of them according to the terms of the lease, subject, however, to the lease executed by the landlord to the Hudson and Manhattan Railway Company of a portion of the premises

for the term expiring November 1, 1910. Under the allegations of the complaint and under the order mentioned, we must assume that the tender of March 24 was legal and complete. Upon it, the right of the plaintiff to the possession of the demised premises was complete even as it was upon the execution of the lease, except that it was subject to the lease to the railway company. The existence of the lease did not excuse or prevent the defendant from accepting the tender and transferring to the plaintiff the possession, in so far as it had it, and the lease with the railway company. It lawfully acquired the possession of the premises originally demised. It lawfully made the new lease. It was bound upon the tender to transfer to the plaintiff such actual possession of the premises originally demised as it then had and the lease. The statute provided that thereupon the plaintiff was entitled to the possession of the demised premises subject to the lease which expired November 1, 1910, and to succeed to all the rights and liabilities of the defendant under the lease to the railway company. The defendant, as the complaint avers, absolutely and continuously refused to deliver the possession to him or to permit him to secure the possession, and thereby caused him to sustain substantial damages. The complaint alleges the facts from which spring his right to the possession, the disregard or violation of that right by the defendant and consequent damages. Those facts constitute a cause of action. (*Trull* v. *Granger*, 8 N. Y. 115; *Bernhard* v. *Curtis*, 75 Conn. 476.)

What we have written might with propriety constitute our opinion in the case. In the lower courts, as appears from the opinions, and here, the parties have pressed chiefly and almost exclusively another issue arising from the allegations that the premises were rented and equipped to be used as a Turkish and Russian bath establishment and that defendant after dispossessing

plaintiff destroyed the equipments. The defendant asserts and argues that it, after the dispossession, had the ·right, by virtue of the provisions of section 2253, to do and deal with the premises as it pleased, so far as plaintiff was concerned. The appellant asserts and argues that defendant had not that right, and was bound to preserve the premises in substantially the condition in which they were at the dispossession. Inasmuch as the issue may enter into the trial of the merits of the case or the determination of the measure of damages, has been fully argued and probably will not be affected by unalleged facts, we have concluded to decide it.

There is no real conflict between the provisions of sections 2253 and those of section 2256. They must be read and enforced as coordinate parts of one statute. Neither has paramountcy. Under section 2253 the issuing of the warrant, by operation of law, cancels the lease and annuls the relation of landlord and tenant, with an exception immaterial here. The interest of the tenant in the premises, under the lease, reverts to and revests in the landlord. When the facts which give section 2256 operation exist, that reversion and revesting are not absolute but defeasible. They are subject to the right of the tenant to redeem, to reacquire, to become revested with, through the method prescribed in the section, by operation of law, the identical interest in the property which reverted to and revested in the landlord, as of the date of the execution of the warrant, less, of course, the diminution of the term by the period between such execution and the redemption. Through the redemption the lease is reinstated by operation of the statute, as of the date of the execution of the warrant. By virtue of the lease thus reinstated, rent accrues to the landlord throughout the period of dispossession. The tender to redeem is to include " all rent in arrear at the time of the payment or tender, with interest thereupon."

The redemption entitles the tenant to the possession and enjoyment of " the demised premises," under the lease, and according to its terms, with the exception already stated. The demised premises are constituted of and include all the property originally rented. In the instant case, the right to the possession and the possession of those premises, through the issuance and execution of the warrant, were transferred to the defendant, and contemporaneously therewith arose its duty to hold and preserve that possession of those premises, subject to the right to redeem and so that the redemption might act upon it and secure the return of it to the tenant, except as that duty is modified by the provisions of section 2258. This the statute clearly intends and enacts. Mr. Throop in his annotated Code of Civil Procedure appended a note to section 2256 in which, after stating the sources of the section in prior statutes, he stated: " This statute appears to be very dangerous and objectionable; but the commissioners did not think themselves authorized to omit it, or to recommend any radical changes in its provisions. But the amendments made in this section remove some expressions of doubtful meaning, and avoid some hardships to the landlord, to which it is unnecessary to expose him." To section 2258 he appended this note: " New. Prepared to mitigate some of the hardships of the original upon the landlord, who, under its provisions, could not safely lease the premises until the expiration of the time to redeem." Those notes confirm our view of the intendment and effect of the sections. It follows, from what we have written, that the defendant did not have the right to destroy, within the period for redemption, the equipments for bathing.

We do not deem it necessary or useful to consider the purposes and scope of section 2259. There is no contradiction or hostility between the facts constituting plaintiff's cause of action and the contents of the order

made in the proceeding under that section, based upon the tender and the redemption.

, The interlocutory and the final judgments should be reversed, with costs in all the courts. The defendant should have the right to serve an answer on payment of those costs within twenty days from the date of the service upon its attorney of the judgment of reversal, with notice of entry.

HISCOCK, Ch. J., CUDDEBACK, HOGAN, POUND, MCLAUGHLIN and ANDREWS, JJ., concur.

Judgment accordingly.