In the Matter of the Application of COUNTY OF WESTCHESTER, by WESTCHESTER COUNTY PARK COMMISSION, Organized and Existing under and in Pursuance of Chapter 292 of the Laws of 1922 of the State of New York, and the Acts Amendatory Thereof and Supplemental Thereto, Respondent, to Acquire Title to Lands of FRANK M. COOK and Others, Defendants; JOHN T. CREIGHTON and CITY BANK FARMERS TRUST COMPANY, as Executors and Trustees under the Last Will and Testament of WILLIAM W. COOK, Deceased, Defendants, Appellants, and THE PRESBYTERIAN HOSPITAL IN THE CITY OF NEW YORK, Defendant, Respondent, Appellant.— Motion by appellants Creighton and City Bank Farmers Trust Company, as executors and trustees under the will of William W. Cook, deceased, for an order determining that they are entitled to the award of $111,000, together with interest thereon, made for the property taken in the above-entitled condemnation proceeding; also a motion by defendant, The Presbyterian Hospital in the City of New York, for an order determining that it is entitled to the said award with interest. The Special Term, on said cross-motions, made an order denying the motion of said executors and trustees and granting the motion of the Presbyterian Hospital to the extent of determining that said hospital is entitled to receive the said award of $111,000, together with all interest due thereon, the said award to be held by the said The Presbyterian Hospital in a separate fund, subject to the same limitations to which the real property which said award represents was subject, under the terms and provisions of the fourth clause of the last will and testament of William W. Cook, deceased; " provided, however, that said The Presbyterian Hospital in the City of New York may invest and reinvest said principal of said award only in securities prescribed for the investment of trust funds by the laws of the State of New York from time to time in force, and that all interest, rent, income and profit therefrom now accrued, or which may hereafter accrue (so long as said principal is held by said The Presbyterian Hospital in the City of New York as aforesaid) shall be the sole and absolute property of said The Presbyterian Hospital in the City of New York." Both parties appealed from said order, each claiming to be entitled to the immediate payment of the

entire award. Order unanimously affirmed, without costs. It is our opinion that there is no ambiguity in the fourth clause of the said will, and hence oral testimony was immaterial and was properly struck out by the Special Term; that the said fourth clause devised the real estate, consisting of ninety-seven acres, to said The Presbyterian Hospital, subject to a condition subsequent, and that the condition subsequent was rendered impossible of performance as to the eleven acres taken in this proceeding by condemnation under the right of eminent domain; that the hospital did not thereby lose its rights in the remaining real estate or in the said award. The fact that the will provides that the hospital will lose its rights in all of the said real estate by a voluntary sale or mortgage of any part thereof, or by failing to use it, or any part thereof, for the purposes intended by the testator, namely, a hospital, justifies the order of the Special Term directing that the award be held in a separate fund and that the hospital receive only the interest thereon. Present — Lazansky, P. J., Hagarty, Carswell, Tompkins and Davis, JJ.