In the Matter of the Application of THE CITY OF NEW YORK Relative to Acquiring Title to the Real Property Required for the Opening and Extending of North Conduit Avenue from Centreville Street to 150th Avenue, Borough of Queens, City of New York.

WALTER M. GROSS and ALBIN V. GROSS, Claimants, Appellants; STUYVESANT REAL ESTATE COMPANY, Respondent.

Second Department, June 2, 1941.

*Charles Schneikraut*, for the appellants.

*Edward B. Newburn*, for the respondent.

CLOSE, J. In 1903 Philippine Gross conveyed certain premises in Queens county to one George A. Stanley, subject to the following condition: " Subject however and this conveyance is made upon the express condition that within three years from the date hereof there shall be built erected maintained and operated over the full length of said premises an electric railroad for the transportation of passengers and should said railroad not be constructed and operated within said period of three years or having been constructed and operated should at any time thereafter cease to be operated as such railroad for a period of six months that then in the happening of either of said events this conveyance shall become null and void and the estate hereby granted shall cease and terminate and revert to and become revested in the said Philippine Gross her heirs and assigns."

The electric railroad referred to in the condition was erected and operated until 1926, when it was discontinued and the tracks removed. In 1930, through various mesne conveyances, the Stuyvesant Real Estate Company, hereinafter referred to as the Stuyvesant Company, became the owner of the fee, subject to the foregoing condition. In 1934 the title to the premises vested in the city of New York in this proceeding as Damage Parcel No. 206. The tentative decree fixed its value at $4,500 and designated " Unknown Owner " as the party entitled to the award. It is conceded that the appellants are the only heirs at law and next of

kin of Philippine Gross, now deceased. After the entry of the tentative decree, the appellants moved, in this proceeding, on notice to the city of New York and the Stuyvesant Company, for an order directing the corporation counsel to insert their names in the final decree as the owners of Damage Parcel No. 206. The motion was denied and from the order of denial, the claimants appeal. They also appeal from so much of the final decree as designates as " Unknown " the owner of Damage Parcel No. 206.

Inasmuch as the condition imposed upon the grant was a condition subsequent (*Trustees of Union College* v. *City of New York*, 173 N. Y. 38), it must be conceded that at any time between the breach of the condition in 1926 and the vesting of title in the city in 1934 the appellants, as the only heirs at law and next of kin of Philippine Gross, possessed the right of re-entry. ( *Upington* v. *Corrigan*, 151 N. Y. 143; *City of New York* v. *Coney Island Fire Dept.*, 259 App. Div. 286; affd., without opinion, 285 N. Y. 535.) Their delay, acquiescence and silence, no matter how long continued, could not create an estoppel. (*Jackson* v. *Crysler*, 1 Johns. Cas. 125; *Trustees of Union College* v. *City of New York, supra.*) Vesting the title in the city of New York did not work any change. The award takes the place of the land and the award still remains real property in the eyes of the law ( *Utter* v. *Richmond*, 112 N. Y. 610) and is subject to the same conditions as the land which it represents. (*Matter of County of Westchester* [*Cook*], 243 App. Div. 706; affd., without opinion, 268 N. Y. 560.) It follows that where, as here, the condition subsequent had been breached before the vesting of the title in the sovereign and the inchoate right of re-entry ripened into an actual right, such right can be asserted against the award. (*Matter of City of Rochester*, 110 N. Y. 159; *Utter* v. *Richmond, supra; Matter of City of New York* [*Houghton Ave.*], 266 N. Y. 26; *Matter of City of New York* [*Cropsey Ave.*], 268 id. 183.) The conclusion reached is not in conflict with the result in *First Reformed Dutch Church* v. *Croswell* (210 App. Div. 294). There the premises were conveyed for church purposes. The grant was conditioned upon a church being " kept and used " on the premises. While the property was so used condemnation took place. It was held that the award belonged to the grantee, the court placing its decision on the ground that the disuser was a consequence and not a cause of the loss of title by the church, and that there was no interval of time between seizure of the grantee's estate and the seizure of the rights of the heirs at law during which there could have been a reverter of title to the heirs because of such disuse. As pointed out by the court, at the moment of seizure there had been no disuser. The rights of the heirs were

inchoate, mere possibilities and incapable of any estimate as to their value. Here the Stuyvesant Company acquired title with the condition already breached and the right of re-entry no longer contingent but absolute.

Nor is there any merit in the contention that an action in ejectment is the only remedy open to the heirs and, as that remedy is no longer available, that their claim must fail for lack of a remedy to enforce it. All that is required is an active assertion by the grantor or his heirs of an intention to claim a forfeiture. (1 Tiffany's Law of Real Property [3d ed. 1939], § 211.)

The order denying appellants' motion to direct the corporation counsel to draw the final decree so as to designate appellants as the owners of Damage Parcel No. 206 should be reversed on the law, without costs, and the motion should be granted, without costs. The final decree should be modified on the law accordingly, and, as so modified, in so far as appealed from, should be affirmed, with costs to appellants.

Present — LAZANSKY, P. J., CARSWELL, JOHNSTON, TAYLOR and CLOSE, JJ.

Order denying appellants' motion to direct the corporation counsel to draw the final decree so as to designate appellants as the owners of Damage Parcel No. 206 reversed on the law, without costs, and the motion granted, without costs. The final decree is modified on the law accordingly, and, as so modified, in so far as appealed from, is unanimously affirmed, with costs to appellants.