UNITED STATES v. 53¼ ACRES OF LAND, MORE OR LESS, IN BOROUGH OF BROOKLYN, KINGS COUNTY, N. Y., et al.

Civ. No. 494.

District Court, E. D. New York.

Nov. 25, 1942.

Harry T. Dolan, Sp. Asst. to Atty. Gen. of U. S. (Edward H. Murphy, Sp. Atty. for Department of Justice of New York City, of counsel), for petitioner-plaintiff.

Skinner & Bermant, of New York City (Jacob W. Bermant, Bernard L. Bermant, and George Bergen, all of New York City, of counsel), for National City Bank of New York, claimant-mortgagee.

William C. Chanler, Corporation Counsel, of New York City (Julius Isaacs and Charles Bisberg, both of New York City, of counsel), for New York City.

ABRUZZO, District Judge.

The National City Bank of New York has instituted this motion for an order permitting it to deposit with the Clerk of this Court the sum of $508.41 to the credit of the City of New York, as claimant, pursuant to the provisions of section 1438 of the Civil Practice Act of the State of New York, or in the alternative, that a sum equal to said amount of $508.41 be deducted from an advance payment applied for by said bank as mortgagee of a leasehold interest affecting Damage Parcel No. 55 on account of compensation claimed to be due to said mortgagee in this proceeding.

The property in question, commonly known as Wallabout Market, was owned by the City of New York. On April 1, 1941, title to said premises vested in the United States of America, by the filing of a Declaration of Taking and the depositing of the sum of $4,000,000 as the estimated just compensation. Simultaneously therewith, the Government filed a Notice and Petition in Condemnation.

Damage Parcel No. 55, involved in this motion, is one of the plots taken by the power of eminent domain by the United States of America under the Declaration of Taking filed April 1, 1941.

On May 1, 1939, Nathan Hudes and Alexander Hudes became the tenants of the City of New York under a lease which demised a plot in Wallabout Market for a term of ten years. The tenants were to pay a monthly rental and in turn covenanted that if the rent remained unpaid as provided by the lease the lease would come to an end. They further agreed that if at any time before the expiration of the term or renewal of the lease, the tenants should surrender the lease or fail to pay the rent after it became due and payable then the buildings erected thereon would revert to and belong to the City of New York without compensation to the lessees.

Apparently, these tenants caused buildings to be erected upon the property demised to them in Wallabout Market. These buildings on the leased parcel are now the subject of this controversy.

On the day of the signing of the lease, May 1, 1939, the tenants executed a mortgage on their leasehold to the National City Bank of New York. The bank recorded this mortgage and filed a copy with the Commissioner of public markets.

The tenants failed to pay the rent for the months of February to June, 1940. In June 1940, the Commissioner of Markets instituted dispossess proceedings for nonpayment of this rent and to repossess the property in accordance with the terms of the lease. A warrant was issued on November 8, 1940, by the Municipal Court, and with the execution of same on November 25, 1940, the City was restored to possession of this property.

Later and in March 1941, the bank, the moving party herein, made a motion to vacate the final order and warrant for dispossess issued in November 1940, requesting leave to be brought in as a party defendant with the right to pay the arrears in rent, taxes and water charges. It sought a dismissal of the petition in order to foreclose its mortgage on the leasehold.

In the Municipal Court, the bank's application was successful but in the Appellate Term, Supreme Court, Second Department, the City's contention was sustained; to wit, that the bank was neither a necessary not a proper party to the dispossess proceedings and that its mortgage on the leasehold was nothing more than a

lien which fell when the tenants were lawfully ousted from possession. The bank made a motion for leave to appeal to the Appellate Division but that motion was denied.

About September 24, 1941, the counsel for the National City Bank served upon the Corporation Counsel a notice of intention to redeem as prescribed by Section 1438 of the Civil Practice Act of the State of New York. This section of the Civil Practice Act provides a method for the mortgagee of a leasehold to protect its rights.

Section 1437 of the Act provides the lessee with a method to regain possession of his property where there is a default. The lessees herein never sought to redeem under Section 1437. Therefore, the question at issue is whether or not the mortgagee complied with the statute in order to have its rights protected.

Section 1438 states in part: "Redemption by creditor of lessee. * * * A judgment creditor, * * * or a mortgagee of the lease * * * may at any time before the expiration of one year after the execution of the warrant, unless a redemption has been made as prescribed in the last section, filed with the judge or justice who issued the warrant, or with his successor in office, a notice specifying his interest and the sum due to him, describing the premises, and stating that it is his intention to redeem as prescribed in this section. * * *"

█ Pursuant to this section, the mortgagee would have until two o'clock of the day, not a Sunday or a public holiday, next succeeding the last day of the year, to redeem his interest.

█ Section 1440 must be read in conjunction with Section 1438 of the Civil Practice Act and it provides: "§ 1440. Order to be made thereon; liability of persons redeeming. The person redeeming, as prescribed in the last three sections or the owner of the property so redeemed, may present to the judge or justice who issued the warrant, or to his successor in office, a petition duly verified setting forth the facts of the redemption and praying for an order establishing the rights and liabilities of the parties upon the redemption. Whereupon the judge or justice must make an order requiring the other party to the redemption to show cause before him at a time and place therein specified why the prayer of the petition should not be granted. The order to show cause must be made returnable not less than two nor more than ten days after it is granted; and it must be served at least two days before it is returnable. Upon the return thereof, the judge or justice must hear the allegations and proofs of the parties and must make such a final order as justice requires. The costs and expenses must be paid by the petitioner. The final order, or a certified copy thereof, may be recorded in like manner as a deed. A person, other than the lessee, who redeems as prescribed in the last three sections succeeds to all the duties and liabilities of the lessee accruing after the redemption as if he was named as lessee in the lease. [Added by L. 1921, ch. 199, April 14. Code 2259.]"

In the case of Grill v. City of New York, 282 N.Y. 471, 27 N.E.2d 14, a lease in Wallabout Market similar to the one before this Court is discussed. That opinion exhaustively covers the various features of Wallabout Market leases but is not in any way determinative of the issue raised in the present case. This case does, however, uphold the terms and conditions of these Wallabout Market leases and determines the rights thereunder pursuant to the terms and conditions set forth in the leases.

Terwilliger v. Browning, King & Co., 222 N.Y. 47, 118 N.E. 216, approximates the point at issue here to a great extent. At the time of that action, the sections of the Civil Practice Act were numbered differently but the context was the same. There, as here, the defendant leased to the plaintiff certain premises for a term of fifteen years, there remaining five years to run. On February 25, 1910, the tenant was removed from the property by virtue of a warrant in summary proceedings and the possession of same was awarded to the defendant. Thereafter, plaintiff tendered to the defendant all rent in arrears which tender defendant refused. In July 1910, the plaintiff after the tender of all arrears instituted a proceeding to redeem pursuant to the sections of the Civil Practice Act giving him that right, it being analogous to the sections cited in this proceeding. The plaintiff followed the provisions of the statute strictly and the Court made an order in accordance with the Act, awarding the plaintiff repossession of the leased premises upon payment of all arrears. The decision in the Terwilliger matter, supra,

was based upon the conclusions reached that the plaintiff had strictly complied with the statute. It promulgated the rule that after a tender is made by a tenant (or other proper party), it must be followed by a proceeding instituted pursuant to the statutory requirements before the original offer of redemption can be consummated.

■ It would seem, therefore, that it is not only necessary for the lessee or the mortgagee, as the case may be, to make a tender of arrears, but it must follow with a proceeding in Court pursuant to the sections of the Civil Practice Act by filing a petition setting forth the facts of the redemption and praying for an order establishing the rights and liabilities of the parties upon the redemption. A day for the hearing must be fixed by the order to show cause so that upon the return thereof the judge or justice may hear the allegations and proofs of the parties and then make such a final order as justice requires based on the proof adduced.

■ In the case at bar, the bank properly complied with section 1438 by offering the rent in arrears to the City of New York. It now seeks to predicate a decision in its favor on that tender and that alone. It is its contention that it fully complied with section 1438. The fallacy of the argument is apparent because the Act must be read as a whole and section 1440 must be adhered to as well as section 1438.

There is no dispute in this record that the bank failed to institute a proceeding pursuant to section 1440. It seems clear that the bank's contention cannot be sustained unless it complied strictly with the statute. The mode and method of procedure was set forth in section 1440 of the Act. Redemption could not be effected except by order of court after proper proceedings. Upon litigation in accordance with the statute, the tenant or mortgagee would be afforded the opportunity to present its claim of redemption and at the same time, the owner of the land would be able to set up any defenses it might have.

In Grill v. City of New York, 282 N.Y. 471, 477, 27 N.E.2d 14, the lease in question was similar to the one before this Court. The tenants defaulted in the payment of ground rent, taxes and water for the months of March and April 1938. The Special Term concluded "if the lessee shall fail to pay the rent after the same becomes due and payable on the dates and at the times specified the building shall revert to the City of New York without the payment of compensation". It also concluded "this long continued and inexcusable default was one of which the lessor was entitled to take advantage." This option does not disclose whether or not any offer to redeem was made in compliance with section 1438 and 1440.

It is the City's claim that redemption merely gives a tenant the right to repossession for the remainder of the term of its lease but does not give the tenant the right to compensation for its buildings. The Kornblum case, supra, seems to enunciate and accept this ruling.

The City further urges that if and when the mortgagee's right to redeem is finally adjudicated, the question then arises as to whether such right of redemption is a compensable claim in this action. The City claims that title to the area of acquisition vested in the Government on April 1, 1941, under its right of eminent domain, and that by reason of such acquisition, neither the former tenants nor the mortgagee could obtain possession of the premises. In other words, the right to possession was destroyed by operation of law and since there was nothing to possess the right to possess becomes valueless.

The Court chooses to predicate its decision on the bank's failure to comply strictly with section 1440 of the Civil Practice Act of the State of New York. In view of the construction placed on the applicable sections of the Act herein, the Court finds that the National City Bank of New York, the mortgagee of the leasehold, is not entitled to the relief sought.

Settle order on notice.