**UNITED STATES v. 53¼ ACRES OF LAND, MORE OR LESS, IN BOROUGH OF BROOKLYN, KINGS COUNTY, N. Y., et al.**

**No. 54.**

Circuit Court of Appeals, Second Circuit.

Dec. 9, 1943.

Skinner & Bermant, of New York City (Bernard L. Bermant and George Bergen, both of New York City, of counsel), for appellant.

Ignatius M. Wilkinson, Corp. Counsel, of New York City (Julius Isaacs, Leo Brown and William A. Marks, all of New York City, of counsel), for appellee City of New York.

Before L. HAND, SWAN, and FRANK, Circuit Judges.

SWAN, Circuit Judge.

In this condemnation proceeding brought on April 1, 1941, pursuant to 40 U.S.C.A. § 258a, the United States acquired on that date title to property known as Wallabout Market, in the Borough of Brooklyn, City of New York. The sum of $4,000,000 was deposited with the clerk of the District Court as the estimated just compensation for the lands and improvements taken, but no allocation thereof was made between separate portions of the premises condemned. The portion designated as Damage Parcel No. 55 is involved in the present appeal. Claiming to have a compensable interest in this parcel, National City Bank of New York moved for an order directing payment to it of part of the sum on deposit with the clerk, and has appealed. from the order denying its motion.

Before condemnation the property in question was owned by the City of New York. On May 1, 1939, it was leased by the City to Nathan and Alexander Hudes for a term of ten years. The tenants

covenanted to pay a monthly rental of $20.-63 in advance on the first of each month, and to pay taxes and water rates levied against the premises. Shortly thereafter the tenants executed and delivered to the appellant a mortgage of their leasehold which was duly recorded and a duplicate thereof filed with the Commissioner of Public Markets of the City of New York.[1] The lease provided that failure to pay rent when due should cause the term demised to end and give the lessor lawful right to re-enter. The tenants failed to pay rent for the months of February to September 1940, inclusive. Thereupon the City instituted in the Municipal Court summary proceedings against the tenants and obtained a final order awarding possession to the City, which was executed on November 25, 1940. On September 24, 1941, the Bank's attorneys served upon the Corporation Counsel notice of intention to redeem as prescribed by Civil Practice Act, § 1438. The tenants did not waive their right to redeem under C.P.A. § 1437; nor did they exercise it. On November 25, 1941, before 2 P. M., the Bank tendered to the Commissioner of Markets the sum of $508.41 representing the total rent in arrears with interest thereon, together with the costs and charges incurred by the City in the Municipal Court proceedings, plus arrears of taxes and water rates with interest and penalties. The tender was refused, but there is no contention that the sum tendered was incorrect in amount. In February, 1942, the Bank made in the condemnation proceeding its motion, the denial of which is now before us. Its application set out in addition to the facts already stated that there is due under its mortgage the sum of $7,650 with interest thereon at 6% per annum from June 26, 1939. It asked that it be permitted to deposit in the registry of the court for account of the City as claimant of the fee of Damage Parcel No. 55 the amount of the tender already mentioned, $508.41, or, in the alternative, that said sum be deducted from any amount allocated to the Bank for said Parcel; it asked also for an order of allocation and for a direction to the clerk to pay it the amount due under the mortgage. The case was heard upon supporting and opposing affidavits. As appears from the opinion of the District

Court, 48 F.Supp. 764, 767, denial of the motion was predicated upon the Bank's failure to comply with section 1440 of the Civil Practice Act.

The decision cannot be sustained on this ground. The statutory provisions for redemption by a lessee or his creditors after termination of the lease by summary proceedings for non-payment of rent are found in four sections of the Civil Practice Act. They are too lengthy to quote in full. Section 1437 relates to redemption by the lessee. Under this section we think it plain that "payment or tender" to the landlord as therein provided effects a redemption and entitles the lessee to possession of the premises and to "hold and enjoy the same according to the terms of the original demise, except as otherwise prescribed in the next section but one" (1439). Section 1438 relates to redemption by a mortgagee or judgment creditor of the lessee. Such mortgagee or creditor who has given the prescribed notice of intention, "may redeem for his own benefit in like manner as the lessee" before 2 P. M. on the day following expiration of the year allowed for redemption by the lessee, if the latter has not redeemed or waived his right to redeem. Section 1440 provides that "the person redeeming * * * or the owner of the property so redeemed, may present to the judge or justice who issued the warrant," a verified petition "setting forth the facts of redemption and praying for an order establishing the rights and liabilities of the parties upon the redemption." After a hearing the judge or justice "must make such a final order as justice requires." It also provides that "a person, other than the lessee, who redeems as prescribed in the last three sections succeeds to all the duties and liabilities of the lessee accruing after the redemption as if he was named as lessee in the lease."

Nothing appears in any of the statutory language to indicate that resort to the procedure permitted by section 1440 is necessary to complete the right of the lessee or of his mortgagee to redeem in the manner prescribed in sections 1437 and 1438. We think the discussion in Terwilliger v. Browning, King & Co., 222 N.Y. 47, 118 N.E. 216, supports this view. In

---

[1] The lease of May 1, 1939, was a renewal of a prior lease held by the Hudes upon which the Bank had had a mortgage. The Bank's mortgage upon the renewal lease is referred to by the appellant as "a supplemental mortgage." It was given, as we understand the facts, to secure the balance of $7,650 owing under the former bond and mortgage.

the light of that case expressions to the contrary in Bien v. Bixby, 18 Misc. 415, 41 N.Y.S. 433, can have no persuasive weight. Section 1440 merely provides the procedure by which after redemption a proceeding may be brought, if necessary, to obtain either possession of the premises or a declaration of the rights of the parties. No such procedure would be appropriate in the circumstances of the case at bar. Title to the premises having vested in the United States on April 1, 1941, the Municipal Court had no power to order the lessor to deliver possession to the Bank, nor could it determine whether the Bank's redemption had given it rights with respect to the compensation moneys on deposit in the registry of the District Court. Resort to the Municipal Court would have been futile. A failure to resort to it cannot be determinative of whether or not the Bank is entitled to compensation for condemnation of the premises.

▮▮ The City seeks to support the order on appeal by arguing that on April 1, 1941, when title vested in the United States, the Bank was not the owner of any estate or interest in or lien upon the premises but had only an inchoate statutory right to redeem on November 25, 1941, which was merely a privilege to enter into a contractual relationship as tenant of the City and not a compensable property right. We see no reason to grope about in the mysterious world of "estates" and "interests not estates". The law of New York has put the matter on a very practical basis: a right with respect to property taken in condemnation may be so remote or incapable of valuation that it will be disregarded in awarding compensation; otherwise it will not be disregarded. Thus a possibility of reverter may be incapable of valuation where there is no present likelihood of a reverter occurring. First Reformed Dutch Church v. Crosswell, 210 App.Div. 294, 206 N.Y.S. 132, appeal dismissed 239 N.Y. 625, 147 N.E. 222. But where the breach of a condition subsequent had already occurred the heirs of the grantor of the land will be entitled to the condemnation award, even though they had not re-entered when title vested in the condemnor. Matter of City of New York (North Conduit Avenue) 262 App.Div. 70, 27 N.Y.S.2d 841; see, also, A.L.I. Property, § 53, Comment C. A wife's inchoate dower right will be likewise protected. Matter of City of New York (Cropsey Avenue), 268 N.Y. 183, 197

N.E. 189, 101 A.L.R. 694. And a tenant having a right to renewal of a lease is entitled to compensation therefor in condemnation proceedings. Matter of City of New York (North River Waterfront), 118 App.Div. 865, 103 N.Y.S. 908, affirmed 189 N.Y. 508, 81 N.E. 1162. The case last cited is not in conflict with Matter of City of New York (Upper New York Bay), 246 N.Y. 1, at page 33, 157 N.E. 911, at page 921, for there the option to purchase was contained in a lease which was to terminate in the event of condemnation; as the court said: "This terminates the option as well as the lease." In the light of these cases we think that the right to compensation is to be determined by whether the condemnation has deprived the claimant of a valuable right rather than by whether his right can technically be called an "estate" or "interest" in the land.

▮ When the United States took title the Bank had an inchoate right of redemption granted by statute for its protection as mortgagee of the leasehold. It was subject to defeasance if the tenants elected to redeem or waived their right of redemption, or if the Bank were not diligent in making tender on the prescribed day. But only the happening of one of these contingencies could defeat the Bank's right, and no such event occurred. There was enough likelihood of redemption by the Bank to give its right value, and that, we think, should be the test of its compensability.

▮ The vesting of title in the United States should not defeat the right to redeem, since "condemnation should affect the rights of parties having interests in respect to the land taken only so far as necessary to assure the sovereign's title." United States v. Certain Lands in Hempstead, Nassau County, 2 Cir., 129 F.2d 918, 919. On this premise no reason is apparent why the Bank's right to redeem should not be exercised after title vested in order to perfect its right to share in the compensation award, which, as we said in the case last cited, stands as a substitute for the land. Consequently we hold that denial of the appellant's motion for compensation was erroneous. Its share of the sum awarded for the premises should include at least the value of the unexpired term of the lease. See Matter of City of New York (Delancey Street) 120 App.Div. 700, 105 N.Y.S. 779. The record before us is not adequate for us to determine whether it should also

include something for the value of the buildings. That issue must be settled upon a further hearing in the District Court, and we express no opinion upon it.

Order reversed and cause remanded.