GEORGE F. STEIN BREWERY, INC., Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 30185.)

Court of Claims, April 12, 1951.

*Grover A. James, Jr.,* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Lawrence H. Wagner* of counsel), for defendant.

RYAN, J. Claimant corporation was the owner of two advertising signs which it had erected and which stood on land owned by the heirs of one Rupp situate near the intersection of Genesee Street and Rupp Avenue in Cheektowaga, Erie County, New York. The signs were erected under a space contract which ran for a period of one year, commencing on June 1, 1940, with the right to yearly extensions at an annual rental of $35, payable in advance. The contract had been extended to May 31, 1950.

The State of New York, pursuant to article XII-A of the Highway Law, appropriated the Rupp property for the purpose of the Ontario Thruway. The description and map, which were approved by the Department of Public Works on June 27, 1949, and filed in the Erie County Clerk's office on August 29, 1949, indicated the presence of the signs standing on the property. It also indicated that one leg of one of the signs extended over onto the adjoining property. That fact is not disputed but we regard it as immaterial here. A recital on the map reads " entire property appro." The map was served on the Rupp heirs on various dates between October 3 and October 9, 1949, and was served on the claimant corporation on October 5, 1949. Affidavit of such service was filed and recorded in the Erie County Clerk's office on October 10, 1949.

Claimant corporation has filed its claim " for the permanent appropriation of property by the State " and has pleaded its damages as follows: (a) Deprivation of seven months of leasing or licensing period $20.40; (b) Whitmier & Ferris Co., Inc., bill for removal of bulletins or billboards $65; (c) Cost of re-erection of billboards or bulletins in another location in approximately the same condition, as estimated by Whitmier & Ferris Co., Inc., $1,080; total $1,165.40. Upon the trial, how-

ever, this pleading was amended, without objection on the part of the Attorney-General, to insert in paragraph (c) the words " Or the reasonable market value of such signs at the time of their removal."

Claimant corporation removed the signs from the Rupp property about November 1, 1949. That was done after someone employed by the State Department of Public Works had " advised " the officers of claimant " that we were to remove these boards ", " that the boards should be removed within two or three weeks ". The fact that the claimant removed the signs at the suggestion of a State employee might be used as an argument that as between the claimant and the State the signs were regarded not as fixtures attached to the real property but as personal property. However, the notice of appropriation did not exclude the signs. Rather, by the legend on the map, above quoted, it included them and by the actions of the State in formally serving the notice of appropriation on the owner of the signs and thereafter recording its proof of such service, it may fairly be found that the parties to this litigation regarded the signs as part of the real property. This appears to be the view of the Attorney-General who, upon the trial, not only did not suggest the possible argument to which we have just alluded but, as we shall see, submitted his proof of damages on a theory which negatives that reasoning. Although as between claimant corporation and the Rupp heirs the signs were chattels, and were removable at the termination of the space agreement, the appropriation of the land by the State was an appropriation of all that was annexed to the land. The signs were so annexed that it was necessary to dismantle them to remove them and their value was destroyed except for salvage. The rights of the parties were fixed on August 29, 1949, when title passed to the State by the filing of the appropriation map and description in the County Clerk's office. (Highway Law, § 347, subd. 5-a; *Jackson* v. *State of New York*, 213 N. Y. 34.) (See, also, *Buffalo Valley Realty Co.* v. *State of New York*, 273 N. Y. 319.) Thus the claimant, whose leasehold interest was destroyed by the State is entitled to compensation for the fixtures taken as well as for the value of the leasehold. (*Matter of City of New York* [*Allen St.*], 256 N. Y. 236.)

However, the dismantling, removal and storing of the signs by the claimant has had the unfortunate result of complicating the assessment of damages herein. In the first place it has led the claimant into pleading what we believe to be an erroneous measure of damages. Proofs of the cost of removal and

the cost of replacement were received over the objection of the Attorney-General who, nevertheless, later in the trial, acquiesced in the theory of replacement cost by presenting the testimony of the witness Jetter. However, defendant also offered proof on what we believe is the correct measure of damages, viz., the value of the land as enhanced by the affixed signs. (Witness Baird.) And this witness, after first giving his opinion of the value of the whole as $1,160, broke his figure down into land $775 and the two signs $385. The claimant offered no testimony as to the value of the land as enhanced by the affixed signs but after the expert called by the claimant had testified that the replacement value of the signs was $1,080, he was asked and gave his opinion that "the fair market value of those two signs as they stood there" was the same amount. (Witness Keyes.) In view of the amendment to the pleading, herein-above set forth, and inasmuch as we are not here concerned with the value of the land, the Rupp heirs not being parties to this proceeding, we believe the record contains sufficient information for us to make a determination as to the value of the signs and make an award to the claimant accordingly. We can not comply with the direction of subdivision 4 of section 12 of the Court of Claims Act with respect to viewing the property because the signs were removed before this claim was filed. We do have the benefit of photographs of the signs before they were removed.

Claimant is not entitled to recover the sum of $65 which it expended in removing the signs because its rights in them had been extinguished and title had passed to the State. Nor may claimant recover the item of $20.40 which is the fractional part of the rent paid to the Rupps for the unexpired term of the lease. In this respect claimant's measure of damages would be the fair market value of that unexpired term. (*Matter of City of New York* [*Delancey St.*], 120 App. Div. 700; *Matter of City of New York* [*Seventh Ave.*], 196 App. Div. 451; *Matter of City of New York* [*Washington St.*], 272 App. Div. 826.) Of this there is neither pleading nor proof.

Claimant corporation is entitled to an award, not because the signs added to the value of the leasehold but because they belonged to the corporation and their value enters into the value of what the State has taken. (*Matter of City of New York* [*Allen St.*], *supra.*) We award the claimant $950, with interest. Enter formal decision accordingly.