John E. Cone, J.
Plaintiffs move, under rule 113 of the Rules of Civil Practice, for an order granting summary judgment against defendant Schor & Rosner, a partnership (hereinafter referred to as defendant), and directing immediate assessment of damages by a jury. Defendant cross-moves for an order of preclusion for failure of plaintiffs to serve a bill of particulars pursuant to demand.
The action is one to recover damages for personal injuries allegedly sustained by the infant plaintiff Barbara McCarthy as a result of the negligence of defendant’s employee, Julius Stern, in the operation of a motor vehicle owned by defendant. Plaintiff Thomas McCarthy sues for loss of services. It appears from the papers submitted on this motion that Stern, named as a party defendant in the action, died before service of the summons and complaint could be effected upon him.
The moving affidavit of the infant plaintiff claims, in substance, that the accident happened as follows: On October 31, 1958, at approximately 3:30 p.m., defendant’s panel truck was parked at the curb between an X-ray mobile truck parked to its front and an unoccupied automobile in its rear; that thereafter defendant’s employee, Stern, while seeking to drive away from the curb, backed the truck for a distance of several feet, and that in so doing, he caused the right rear bumper of the truck to become caught onto the left front bumper of the rear automobile; that, as Stern then drove the truck forward, the automobile in the rear was dragged or pulled along by reason of the interlocked bumpers and was propelled into the rear of the X-ray mobile truck in which plaintiff was waiting to be X-rayed.
Under the facts alleged in the moving affidavit, the plaintiff makes out a prima facie case entitling her to recover. Defendant, in opposition to the instant motion for summary judgment, offers no proof in rebuttal, respecting the occurrence of the accident, which would present a triable issue upon the question of liability. Defendant does not deny the allegations of the complaint that its panel truck was being operated by Stern in its business and with its knowledge and consent at the time of the accident. Moreover, as to the allegations of the complaint concerning the manner in which the accident is claimed to have occurred, defendant’s answer contents itself merely with denying any knowledge or information thereof sufficient to form a belief.
The defendant’s claim, that it has no knowledge or information at the present time as to the nature or circumstances of the accident, is reasserted in its affidavit submitted in opposition to the plaintiff’s motion; and it is argued by defendant that in *72 view of Stem’s death it should not be held to as high a degree of proof in opposing the motion as would otherwise be required of it if its driver were alive.
The foregoing contentions of defendant, considered in the light of the facts appearing from the papers submitted upon this motion, do not warrant a denial of the motion. Notwithstanding defendant’s claim of lack of knowledge concerning the facts of the accident, the situation presented herein is not one wherein the facts upon which the application for summary judgment is based are exclusively within the knowledge of movant or clearly not within the knowledge of the opposing party, so as to require a denial of the motion. Such rule is applicable only when the lack of knowledge of the opposing party is genuine (Suslensky v. Metropolitan Life Ins. Co., 180 Misc. 624, affd. 267 App. Div. 812). In the instant case, the defendant’s allegations contained in its opposing affidavit, concerning the information which it assertedly received with respect to the accident, including a statement allegedly made by Stern to the investigator employed by defendant’s attorney, belies defendant’s claim of lack of knowledge of the circumstances of the accident. In view of the foregoing, and in the absence of any showing to the contrary, it must be presumed that defendant had ample opportunity to possess itself of the facts relative to the accident, insofar as such facts could be ascertained from those in a position to supply information with respect thereto. Notwithstanding the opportunity which defendant had to apprise itself of the facts, the information concerning the accident, allegedly brought to the attention of defendant, or so much of it, at any rate, as is referred to in defendant’s affidavit, does not indicate the existence of a material dispute as to the circumstances of the accident. Assuming, as claimed by defendant, that the automobile in rear of defendant’s truck was illegally parked, and even though there was no contact between defendant’s truck and the X-ray mobile truck, such facts, in and of themselves, would not serve to relieve defendant of liability if, as appears from plaintiff’s moving affidavit, the operation of the defendant’s truck was a proximate cause of the accident.
Nor can it be perceived that the particulars demanded by defendant would affect the determination of the motion for summary judgment, inasmuch as it would not require plaintiff to enlarge, in any material aspect, upon the allegations contained in the complaint respecting the circumstances of the accident.
While there still remain for determination triable issues of fact as to the amount or extent of damages sustained by plain *73 tiffs, such issues do not bar the granting of summary judgment (Rules Civ. Prac., rule 113; Sannasardo v. Hartford Acc. & Ind. Co., 256 App. Div. 825). Accordingly, the motion for summary judgment is granted and an assessment of damages by a jury as prayed for is directed.
However, defendant is entitled to particulars respecting the injuries allegedly sustained and the damages claimed to have been suffered (Glove City Amusement Co. v. Smalley Chain Theatres, 167 Misc. 603). Accordingly, the motion to preclude is granted as to item 2 and items 7 through 14 of the demand unless plaintiff shall furnish a bill of particulars as to said items within 10 days after service upon defendant of a copy of the order to be entered herein, with notice of entry; the motion is otherwise denied.
Settle orders on notice in accordance with the foregoing.