WHITMIER & FERRIS Co., INC., Appellant, v. STATE OF NEW YORK, Respondent. (Claim Nos. 35189, 35190, 35255 and 35354.)

Fourth Department, January 5, 1961.

*Joslin & Joslin* (*Norman E. Joslin* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General (Jean M. Coon, Paxton Blair* and *Julius L. Sackman* of counsel), for respondent.

BASTOW, J. Claimant appeals from judgments dismissing its several claims. It is engaged in the outdoor advertising business and, among other activities, erects advertising signs on lands or buildings. It enters into three types of agreements with owners briefly described as ground, wall and roof leases. All of the claims herein involve ground leases except one which is a wall lease. The ground leases each conveys to claimant a described plot of land and in substance grants to it the continuing right to maintain advertising signs upon the land subject to a right of termination by the owner if the property should be sold or improved by erecting a permanent, substantial building thereon. The wall lease granted to claimant the right to use the south wall of a described building for advertising purposes.

It seems clear that as to the ground leases it was the intention of the parties that the described parcels of land were leased for the sole purpose of erecting signs thereon. While doubts have arisen as to whether the grant or " lease " of the exclusive right to place signs on a wall or fence is a license or easement we conclude that it is now established in this jurisdiction that an easement in gross is thereby created. (*Borough Bill Posting Co.* v. *Levy,* 144 App. Div. 784; *Rochester Posting Advertising Co.* v. *Smithers,* 224 App. Div. 435; 1 American Law Property, § 3.4; Ann. 10 A. L. R. 1108; see, generally, 3 Powell, Real Property, § 405; Restatement, Property, §§ 453, 454, 489–496; 17A. Am. Jur., Easements, §§ 11, 12; 28 C. J. S., Easements, § 4.)

Subdivision 2 of section 29 of the Highway Law defines the term " property " as used therein to include all interests less than full title " such as easements permanent or temporary, rights of way, uses, leases, licenses and all other incorporeal hereditaments and every estate, interest or right legal or equitable." Subdivision 14 of section 30 of the same law implements the right of the owner of such an interest appropriated to seek damages in the Court of Claims. Pertinent here is the observation made in *United States* v. *53¼ Acres of Land* (139 F. 2d 244, 247) : " We see no reason to grope about in the mysterious world of ' estates ' and ' interests not estates '. The law of New York has put the matter on a very practical basis: a right with respect to property taken in condemnation may be so remote or incapable of valuation that it will be disregarded in awarding compensation; otherwise it will not be disregarded." (See, also, *Brooklyn Eastern Dist. Term.* v. *City of New York,* 139 F. 2d 1007, 1011.)

In a recent decision (*Schulman* v. *People,* 11 A D 2d 273, 274) it was held that the State had authority at law to appropriate an easement in, on and over plaintiff's lands "for the restriction, removal and prohibition" of any outdoor sign or billboard "which is visible and capable of being seen by a person of normal visual acuity from the adjacent State highway." In passing it was stated (p. 277) that "if it be true that the interference by the taking is substantial, it would follow that the just compensation to which they are entitled would be commensurate."

The trial court while recognizing the principle enunciated in *Jackson* v. *State of New York* (213 N. Y. 34, 36) that "an appropriation of land, unless qualified when made, is an appropriation of all that is annexed to the land, whether classified as buildings or as fixtures" went on to conclude that there was "no basis for a finding that the signs were so annexed that they had become part of the real property." (22 Misc 2d 70, 73.) We are unable to agree with this conclusion but are in accord with the statement of the same court in *Stein Brewery* v. *State of New York* (200 Misc. 424, 426) that "Although as between claimant corporation [lessee] and the Rupp heirs [lessor] the signs were chattels, and were removable at the termination of the space agreement, the appropriation of the land by the State was an appropriation of all that was annexed to the land."

We agree, however, that claimant did not furnish proof upon which its damage, if any, might be measured. It well may be that confusion existed and claimant was misled by the earlier decision in *Stein Brewery* v. *State of New York* (200 Misc. 424, 426, *supra*) where it was held that the rights of the lessor and the owner of the signs were fixed when title passed to the State and "claimant, whose leasehold interest was destroyed by the State is entitled to compensation for the fixtures taken as well as for the value of the leasehold." Claimant's expert testified that "the value of the leasehold is the value of the sign." But it is here conceded that all the signs were repossessed, stored in claimant's plant, and eventually erected at other sites. It seems clear that pure personal property may not be compensated for as though it were fixtures. (Cf. *Matter of People* v. *Johnson & Co.,* 219 App. Div. 285, 288, affd. 245 N. Y. 627, cert. denied 275 U. S. 571.)

Whatever may be the rule in other jurisdictions (see 1 Orgel, Valuation under Eminent Domain [2d ed.], §§ 107–112) we believe the rule in this State was established in *Matter of City of New York (Allen St.)* (256 N. Y. 236, 249) as follows: "To the extent that the value of the real property as a whole is

enhanced by the fixtures annexed thereto, the value of the fixtures must be included in what the city pays, and the tenant is entitled to part of the award, not because the fixtures added to the value of the leasehold, but because they belonged to him and their value enters into the value of what the city has taken.'' (See, also, *Matter of People* v. *Johnson & Co.*, 219 App. Div. 285, affd. 245 N. Y. 627, cert. denied 275 U. S. 571, *supra*; *Matter of City of New York* [*Slum Clearance*], 24 Misc 2d 190; *id.* 24 Misc 2d 206.)

Whether in the light of this rule claimant will be able to prove any damage is an issue that we do not pass upon. In any event claimant is entitled to a new trial. Lastly we disagree with the findings of the trial court that claimant is estopped from asserting a claim because it took possession of the signs. In some instances the State notified claimant to remove them or they would be demolished. At one site the contractor tore down the signs and claimant found them along the highway. The authorities relied on by the State are inapposite.

The judgments should be reversed on the law and facts and a new trial granted.

Present— WILLIAMS, P. J., BASTOW, GOLDMAN, McCLUSKY and HENRY, JJ.

Judgments unanimously reversed on the law and facts, with costs to the appellant and a new trial granted.