MARIETTA G. ALLEN & others *vs.* CITY OF BOSTON.

Suffolk. March 6. — June 26, 1884. DEVENS & COLBURN, JJ., absent.

At the trial of a petition for the assessment of damages for land taken by a city for the extension of a street, evidence that the land was subject to an easement or restriction is competent.

At the trial of a petition for the assessment of damages for land taken by a city for the extension of a street, an early deed conveying the land contained the provision that "no other building shall be erected or built on the lot hereby conveyed, except one of brick or stone, not less than three stories in height, and for a dwelling-house only." The petitioner asked the judge to instruct the jury "that the city cannot have the value of the whole estate reduced by any deductions on account of building restrictions. Such restrictions, if they have any value, belong to the party by whom they were created, or his representatives, and if they do not appear and claim them, then the restrictions must be deemed to be waived in favor of the general owner." The judge declined to give this instruction; and instructed the jury that, in their estimate of the fair market value of the whole estate, they might take into account the effect, if any, of the provision in the deed, as tending to show a cloud upon the title of the estate in question which might diminish its fair market value. *Held*, that the petitioner had no ground of exception.

At the trial of a petition for the assessment of damages for land taken by a city, for the extension of a street, the jury, in estimating the damages, may take into account fixtures in a building on the land, as part of the building, and consider them only so far as they enhanced the market value of the estate for any purpose for which it might be used.

PETITION to the Superior Court for the assessment of damages for land taken, on May 23, 1881, by the respondent, for the extension of Harrison Avenue. The original petitioner was the holder of a second mortgage, upon which about $11,000 is due. Luther Dana, the holder of a first mortgage for $12,000, Dio Lewis, the lessee of the premises, and Alfred A. Marcus, the owner of the equity, appeared in and became parties to the action. Trial in the Superior Court, before *Blodgett*, J., who allowed a bill of exceptions, in substance as follows:

The respondent offered to prove that, in June, 1822, the land in question was conveyed to Aaron Baldwin, under whom the petitioners claimed title by mesne conveyances, by a deed, which contained the provision "that no other building shall be erected or built on the lot hereby conveyed, except one of brick or stone, not less than three stories in height, and for a dwelling-house only," as tending to show a cloud upon the

petitioners' title, diminishing the market value of the estate. The judge admitted the evidence for this purpose.

The petitioners asked the judge to instruct the jury, " that the city cannot have the value of the whole estate reduced by any deductions on account of building restrictions. Such restrictions, if they have any value, belong to the party by whom they were created, or his representatives, and if they do not appear and claim them, then the restrictions must be deemed to be waived in favor of the general owner." The judge declined to give this instruction ; and instructed the jury that, in their estimate of the fair market value of the whole estate, they might take into account the effect, if any, of said provision in said deed, as tending to show a cloud upon the title of the estate in question, which might diminish its fair market value.

The building on the land in question had been fitted up, and was used at the time of the taking, for Turkish and other baths, with permanent fixtures, which had been taken with the building by the respondent, and there was evidence as to the worth of these fixtures for use in the business then carried on in said building. The petitioners asked the judge to instruct the jury, " that, in addition to the value of the building, the petitioners are entitled to recover the value of the fixtures taken with the building." The judge declined to give this instruction; and instructed the jury that, in their estimate of damages, the fixtures were to be taken into account as being a part of the building, and that allowance should be made for them so far, and only so far, as they enhanced the market value of the estate for any purpose for which it might be used.

The jury returned a verdict for $18,870.30, apportioned as follows : Luther Dana, first mortgagee, $12,201.66; Marietta G. Allen, second mortgagee, $6,568.64 ; Dio Lewis, lessee, $100 ; Alfred A. Marcus, owner of the equity, nothing.

The original petitioner and Alfred A. Marcus alleged exceptions.

*S. H. Tyng*, for Marcus.

*T. M. Babson*, for the respondent.

W. ALLEN, J. Evidence that the land was subject to an easement or restriction was clearly competent, and the objection to its admission has not been pressed in the argument.

The instructions asked, — "that the city cannot have the value of the whole estate reduced by any deductions on account of building restrictions. Such restrictions, if they have any value, belong to the party by whom they were created, or his representatives, and if they do not appear and claim them, then the restrictions must be deemed to be waived in favor of the general owner," — were properly refused. If any right was waived by the owner in not appearing to claim it, the waiver would seem to be in favor of the respondent rather than of the petitioners.

But it does not appear that any interest in the land was reserved to the grantor in the deed creating the restriction. The words "building restrictions," in the prayer for instructions, would seem rather to refer to restrictions put upon the land in question, in connection with like restrictions upon other neighboring lots, and which would confer upon the owner of each lot a right or interest in the nature of an easement in all the other lots which were conveyed subject to the same restriction. This was the construction given to such a restriction in *Parker* v. *Nightingale*, 6 Allen, 341, in which case Chief Justice Bigelow said: "Thus it entered into the consideration which each purchaser paid for his land, either by enhancing its price in view of the benefit secured to him in the restraint imposed on adjoining owners, or by lessening its value in consequence of the limitation affixed to its use. . . . . In strictness, perhaps, the right or interest created by the restrictions, being a qualification of the fee, did not pass out of the original grantors, and now remains vested in them or their heirs. But, if so, they hold it only as a dry trust, in which they have no beneficial use or enjoyment, the entire usufruct being in their grantees, . . . . for whose use and benefit it was intended." The case at bar cannot be distinguished from *Tobey* v. *Taunton*, 119 Mass. 404.

The fixtures could only be considered in estimating the value of the land and building, and the instructions of the court upon that subject were correct. *Edmands* v. *Boston*, 108 Mass. 535, 549.                                    *Exceptions overruled.*