JOHN J. JACKSON, Appellant, *v.* THE STATE OF NEW YORK, Respondent.

Eminent domain — fixtures — when value of fixtures in building taken by state must be considered in estimating total value of property appropriated.

An appropriation of land by the state, unless qualified when made, is an appropriation of all that is annexed to the land, whether classified as buildings or as fixtures, and the value of the fixtures ought, therefore, to be considered in estimating the total value of property so appropriated.

*Jackson* v. *State of New York*, 160 App. Div. 110, reversed.

(Argued October 12, 1914; decided November 10, 1914.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered February 21, 1914, affirming a determination of the Board of Claims.

The nature of the claim and the facts, so far as material, are stated in the opinion.

*Charles Hickey* for appellant. The conclusion of law by which the Board of Claims disallowed appellant's claim for the value of his machinery is not in accord with or justified by the facts found. (*Matter of Mayor*, etc., 39 App. Div. 589; *Matter of City of New York*, 118 App. Div. 865; *Phipps* v. *State of New York*, 69 Misc. Rep. 295; *Allen* v. *City of Boston*, 137 Mass. 319; *White* v. *Cincinnati, R. & M. R. R. Co.*, 34 Ind. 287; *Price* v. *Milwaukee & R. R. Co.*, 27 Wis. 98; Lewis on Em. Domain, § 488; *Matter of City of New York*, 192 N. Y. 295; 101 App. Div. 527.) Taking land by condemnation proceedings is in legal effect a purchase and sale, the owner being the vendor and the state being the vendee. (*Vandermullen* v. *Vandermullen*, 108 N. Y. 195; *Clark* v. *Long Island Realty Co.*, 126 App. Div. 282; *Story* v. *N. Y. El. R. R. Co.*, 90 N. Y. 121; *Mitchell* v. *Einstein*, 42 Misc. Rep. 358.)

The rule adopted by the Appellate Division contravenes the spirit if not the express letter of the statute relating to claims for damage against the state. (L. 1909, ch. 13, § 47.)

*Thomas Carmody, Attorney-General (Joseph P. Coughlin* of counsel), for respondent. The state in this case has not adopted any policy or promulgated any doctrine at variance with the settled rules of law. (*Voorhees* v. *McGinniss,* 48 N. Y. 278; *Tift* v. *Horton,* 53 N. Y. 377; *Tyson* v. *Post,* 108 N. Y. 217.)

CARDOZO, J. The State appropriated the claimant's warehouse in the village of Middleport for the use of the barge canal. The Board of Claims found that the value of the building was $9,000 and that of the land $1,300. The claimant had an award for those amounts. The board also found that the building contained machinery, shafting, elevators and conveyors of the value of $4,353.20. The form in which these articles were annexed to the freehold, and the purpose of the annexation, were such that, as between vendor and vendee, they would have constituted fixtures. For the enhancement of value due to the presence of these fixtures, the Board of Claims refused to award compensation to the claimant. The ruling has been affirmed at the Appellate Division on the ground that the State, after appropriating the warehouse, had the right to reject the fixtures and refuse to pay for them.

We think that the power of the State is not so great, nor the plight of the citizen so helpless. Condemnation is an enforced sale, and the State stands toward the owner as buyer toward seller. On that basis the rights and duties of each must be determined. It is intolerable that the State, after condemning a factory or warehouse, should surrender to the owner a stock of second-hand machinery and in so doing discharge the full measure of its duty.

Severed from the building, such machinery commands only the prices of second-hand articles; attached to a going plant, it may produce an enhancement of value as great as it did when new. The law gives no sanction to so obvious an injustice as would result if the owner were held to forfeit all these elements of value. An appropriation of land, unless qualified when made, is an appropriation of all that is annexed to the land, whether classified as buildings or as fixtures, and so it has frequently been held. (*Matter of City of N. Y.*, 118 App. Div. 865; affd., 189 N. Y. 508; *Matter of Mayor, etc., of N. Y.*, 39 App. Div. 589; *Phipps* v. *State of N. Y.*, 69 Misc. Rep. 295; *Allen* v. *City of Boston*, 137 Mass. 319.) We say "unless qualified when made," because we do not need at this time to decide whether the State, in giving notice of appropriation, may except fixtures that would retain, after severance from the soil, a substantial value as personalty, and thus restrict the payment to the difference between the value of the detached articles and the value added to the building when they were used in connection with it. (*Price* v. *Milwaukee & St. P. R. R. Co.*, 27 Wis. 98; *Phila. & Reading R. R. Co.* v. *Getz*, 113 Pa. St. 214.) If that may be done in any case, it can only be when the purpose is made plain in the act of appropriation. The rights of the parties became fixed at that time, and must then be reciprocal. If the State has the right, under a general notice of appropriation, to insist that title to the fixtures has passed to it with the land, the owner has the correlative right to insist upon payment. The law does not leave the title in a state of suspense. The value of the fixtures ought, therefore, to have been considered in estimating the total value of the property appropriated by the State.

We have not ignored the suggestion in behalf of the respondent that some of the fixtures were afterwards removed by the claimant, and by common consent were treated as personal property. (*Tyson* v. *Post*, 108 N. Y.

217.)   No finding on this subject was either made or requested, and the evidence is too vague to enable us to ascertain the truth of the transaction.   The claimant's position is that he did not remove anything, but acquired by purchase from a contractor some of the fixtures which the contractor had purchased from the State.   Upon another hearing this element of the controversy may be more fully developed.

The judgment should be reversed and a new trial granted, with costs to abide the event.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, COLLIN, HOGAN and MILLER, JJ., concur.

Judgment reversed, etc.