YATES & DONELSON CO. *v.* CITY OF MEMPHIS *et al.*

(*Jackson,* April Term, 1917.)

1. EMINENT DOMAIN. Right to compensation. Closing street.

Where a street abutting plaintiff's flour mill is closed by reason of a cut due to construction of a subway, he is entitled to compensation. (*Post, p.* 645.)

Case cited and approved: Ill Cent. R. Co. v. Moriarity, 135 Tenn., 446.

2. EMINENT DOMAIN. Closing street. Damages. Basis. Factors.

Damages consequent upon a taking of property or a property should be assessed upon the basis of the mill being a going concern. (*Post, pp.* 645-647.)

Case cited and approved: Railroad v. Michaels, 126 Tenn., 702.

3. EMINENT DOMAIN. Value or depreciation. Measure of damages.

Damages consequent upon a taking of property or a property right are fixed on the value or depreciation of the property affected for any use for which it would ordinarily sell in the market. (*Post, p.* 647.)

4. EMINENT DOMAIN. Closing street. Assessment of damages. Fixtures.

In estimating the damages to plaintiff's abutting flour mill from closing a street, appliances essential to complete the mill as a workable unit should be deemed part of the realty; the rule applicable being that enforceable between vendor and vendee. (*Post, pp.* 647, 648.)

Cases cited and approved: Re Post Office Site, 210 Fed., 832; Jackson v. State, 213 N. Y., 34.

Case cited and distinguished: White v. Cincinnati, etc., R. Co., 34 Ind. App. 287.

Yates & Donelson Co. v. Memphis.

5. **EMINENT DOMAIN.   Closing street.   Assessment of Damages.   Movable appliances.**

In estimating the damages to plaintiff's abutting flour mill from closing street, personal effects, tools, and movable appliances are not to be considered part of the plant, unless actually taken. (*Post, pp.* 648, 649.)

Case cited and approved: Missouri Pac. R: Co. v. Porter, 112 Mo., 361.

FROM SHELBY.

Appeal from the Circuit Court of Shelby County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court. —JOHN BROWN, Special Judge.

McKELLAR & KYSER, for plaintiff.

C. M. BRYAN and H. J. LIVINGSTON, for defendants.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

This is an action by the Yates & Donelson Company, a body corporate, to recover of the city of Memphis and several railway companies damages for an interference with and obstruction of its right of ingress and egress or easement of access to and from its mill, caused by the construction of a subway in Mississippi avenue.

The plaintiff is the owner of a flouring mill of large capacity, which does a business of about $1,-000,000 per annum. It is located along the margin and south of Railroad avenue and fronts on Henderson place. The business section of the city is located north of Railroad avenue, and the plaintiff's business is largely with wholesale grocers in that section. A ·very considerable traffic, to and fro, by teams, trucks, etc., results, and this had moved customarily along Mississippi avenue before the building of the subway.

Henderson place is a public thoroughfare that runs at right angles with Railroad avenue. At a point in that avenue a few feet northeast of the mill, Mississippi avenue, running diagonally, crosses Railroad avenue, and such traffic passed from the mill first along Henderson place to its connection with Railroad avenue, thence across the area which is the intersection of Railroad avenue and Mississippi avenue. In other words, teams would leave or reach Henderson place across territory common to both of said avenues.

The city and the railway companies constructed the subway on Mississippi avenue, so as to leave a large number of railroad tracks on Railroad avenue above, or on the original grade of that highway, by making a cut several feet deep in the former. This cut off the ingress and egress referred to and caused the closing of Henderson place at the margin of

Railroad avenue; and the suit is to recover conse-
quent damages to the property of plaintiff.

The mill site abutted not merely on Henderson
place and Railroad avenue, but also, in the excep-
tional surroundings, on the area common to the lat-
ter avenue and the third, diagonal Mississippi ave-
nue—the intersection area of the two avenues, wheth-
er that be called a part of the one or the other. Hen-
derson place, for all practical purposes, merged into
Mississippi avenue north of the railroad avenue be-
fore the cut was made.

Manifestly the closing of the easement of access
on these streets was a taking of a property right of
plaintiff company for a public use for which com-
pensation must be made. *Ill. Cent. R. Co.* v. *Mori-
arity,* 135 Tenn., 446, 186 S. W., 1053.

Other assignments of error relate to the measure
of, and the basic factors to support, allowable dam-
ages.

The trial judge first entertained the view that the
plant should be considered, for purposes of assess-
ing damages, as a going concern, and he permitted
witnesses to testify on that basis; but later on in
the trial he conceived that this was erroneous, and
he instructed the jury to disregard that testimony.
This last ruling was erroneous. It sheds light on the
charge given the jury as follows:

"The measure of damages, if you should find from
the proof that plaintiff is entitled to recover, is the
difference, if any, between the fair cash market val-

ue of the real estate in question just before the improvements were made and the fair cash market value of the same after the improvements were completed. By real estate the court means the land, the buildings thereon, and such part or portions of the machinery in the building as you find from the proof were attached or affixed to the buildings or real estate so as to form a part thereof.''

On the question raised by an assignment as to whether the damages should be assessed upon the basis of the mill of plaintiff company being a going concern, the governing principle has been declared by this court.

In *Railroad* v. *Michaels,* 126 Tenn., 702, 151 S. W., 53, the condemnation of a railway right of way through a sawmill property was involved, and the strip taken separated the mill proper from a log harbor. The effect was to impair or destroy the value of the harbor in connection with the operation of the mill. The court held that the value of the property in one alternative was properly to be fixed on the basis of the mill plant, inclusive of the harbor, being a going concern. It was there said that if the defendant's mill was actually being used in connection with the harbor at the time the mill was destroyed by the location of the railway line upon his property, he would be entitled to be compensated for the fair cash market value of his mill; as a going concern, and the harbor's use to the mill and mill

operations could be estimated as a part of the property taken.

It is elementary that damages consequent upon a taking of property or a property right are fixed on the value or depreciation of the property affected for any use for which it would ordinarily sell in the market, whether it be that use to which it is presently put, or some different use to which it is adapted. The structures on the property were built for flouring mill purposes, and were peculiarly suited for that use; and the whole was being operated at the time of the taking, involved in the curtailment or loss of ingress and egress, and was not to be treated as a dead or severed plant.

We are of opinion that the ruling on testimoy and the charge led or left the jury to disregard the fact that the property affected was in actual use by plaintiff as a going concern. The jury allowed no damages to plaintiff. That phase should have been embodied in the instruction.

On another trial the jury should be instructed more fully as to the character of the fixtures that may be considered in the assessment of damages. In determining whether a thing is a fixture, and therefore a part of the realty, the rule to be applied is that enforceable as between vendor and vendee, and not that governing between landlord and tenant. *Re Post Office Site,* 210 Fed., 832, 127 C. C. A., 382.; *Jackson* v. *State,* 213 N. Y., 34, 106 N. E., 758, L. R. A., 1915D, 492, and note, Ann. Cas., 1916C, 779.

.The distinction is a material one in favor of the plaintiff in relation to the manner in which the thing is required to be annexed to the realty. The mill carried, as a part of it, appliances annexed for trade purposes, essential to complete such a property as a workable unit, and to be deemed fixtures, though but slightly attached to the soil or building; or so connected with other machinery so annexed as to be, in substance, a permanent part of the working unit, denominated the plant.

Thus in *White* v. *Cincinnati, etc., R. Co.,* 34 Ind. App., 287, 71 N. E., 276, where the railway company was condemning a property in use as a paper mill, it was said:

"One machine essential in the manufacture of paper might be so annexed to or constitute such part of a building that it could not be removed, and another machine equally essential might be easily removed, and yet, when the two machines are separated, each is without value for the uses intended. In such case both of the machines should be considered as attached to the freehold—one by real, and the other by constructive, annexation. As the machinery is permanent in its character, and, being essential to the purpose for which the buildings are used, is a fixture, it must be regarded as realty, and go with the building."

On the other hand the rule laid down on appeal by the court of civil appeals is too broad, and too stringent on the condemnor. Personal effects, tools,

and movable appliances are not to be considered as a part of the plant for the purpose referred to. Unless personal effects are actually taken as material to be used by the condemnor there can be no recovery for injury done thereto. *Missouri Pac. R. Co.* v. *Porter,* 112 Mo., 361, 20 S. W., 568; annotation L. R. A., 1916D, 719; 4 Sutherland, Damages (3 Ed.), section 1067.

The writ of *certiorari* is granted, and the judgment of the court of civil appeals modified; and the cause is remanded to the circuit court for a new trial in accordance with this opinion, and a supplemental memorandum filed.