William C. Hecht, Jr., J.
This is a proceeding brought by the City of New York to acquire title to the real property required for the Lincoln Square Slum Clearance Project within the area bounded by West 60th Street, Amsterdam Avenue, West 66th Street, lands of the New York Central Railroad, West 70th Street, Amsterdam Avenue, West 66th Street and Columbus Avenue, excluding all streets, in the Borough of Manhattan, City of New York.
After full consideration of all the testimony, both oral and documentary, adduced at the trial, the court makes the following awards for fixtures and machinery:

Damage Parcel Claimant Amount

232 Leo Brecher et al. 0
The owner of the motion picture theatre which constitutes part of this damage parcel has submitted a fixture claim of $65,560. Nearly half of this claim is for the air conditioning equipment. Other large items are the theatre chairs and the exterior sign or marquee.
No part of this claim may be allowed. All of these fixtures were specifically enumerated in the original lease from this owner to the tenant-operator of the theatre, and presumably constituted an important part of the consideration for the rental paid.
It is true that Morris Jacks, a builder called by claimant, testified that in fixing a sound value for the theatre he did not include trade fixtures. Frank Whitman, claimant’s real estate expert, testified that he did not adopt Jacks’ figures. In making his appraisals Whitman used the rental of $36,750 reserved in the lease of the theatre which had expired in 1957. After the expiration of the lease the tenant continued in possession and was in possession on the title vesting date paying rental of $29,800 and using the identical facilities specified in the lease.
*208 Mr. "Whitman testified that he used the capitalization income method to arrive at the appraised value. Mr. Frank, the city’s expert, used the same method as did the court.
In the circumstances, to give the owner an additional award for fixtures would be to duplicate the award which was heretofore made for the theatre building based on a rental which included the use of these same fixtures and equipment.
To illustrate, let us assume that an air-conditioned office building was involved and the expert testimony established that the rental value in the area for ordinary space was $5 per square foot but was $7 per square foot for air conditioned space. If the building award were based on capitalization on the $7 per square foot rental value no additional award would be made for the air conditioning equipment which created this higher rental value.
The situation affecting this theatre is altogether different from that of the stores which constitute the remainder of this damage parcel. Therefore, with respect to the stores, the fixtures were separately compensable.

Damage Parcels Claimant Amount

454 and 455 Frederick Klenk, doing $93,689
business as Excel Pharmacal Company
This fixture claim involves the machinery and equipment in a completely integrated plant, which had been used for the purpose of manufacturing medicinal products in tablet form. The city conceded only on the items which were irremovable. For the reasons stated in connection with D. P. 462 (24 Misc 2d 190), all of the other items which remained in the plant, even though removable, met the tests of adaptability and intention of permanence except for items 34, 38, 40, 43, 52, 56, 57 and 62. Compensation for the other items remaining in the plant is fixed in the amounts indicated in Schedule A, annexed hereto. [Schedule not printed.]
Claimant also seeks damages for equipment and machinery which it removed from the premises, representing “ the difference between value which such machinery and equipment added to the premises when used in connection therewith as a going concern in full operation, and its value removed from the premises.”
In Jackson v. State of New York (213 N. Y. 34, 35) the machinery had been left in the building. “ The form in which these articles were annexed to the freehold, and the purpose of *209 the annexation, were such that, as between vendor and vendee, they would have constituted fixtures However, the courts below refused to award compensation for the enhancement of value due to the presence of these fixtures, on the ground that the State, after appropriating the building, “ had the right to reject the fixtures and refuse to pay for them.”
In reversing, the court said, per Cardozo, J. (pp. 35-36): ‘1 Condemnation is an enforced sale, and the State stands toward the owner as buyer toward seller. On that basis the rights and duties of each must be determined. It is intolerable that the State, after condemning a factory or warehouse, should surrender to the owner a stock of second-hand machinery and in so doing discharge the full measure of its duty. Severed from the building, such machinery commands only the prices of secondhand articles; attached to a going plant, it may produce an enhancement of value as great as it did when new. The law gives no sanction to so obvious an injustice as would result if the owner were held to forfeit all these elements of value. An appropriation of land, unless qualified when made, is an appropriation of all that is annexed to the land, whether classified as buildings or as fixtures, and so it has frequently been held. * * * If the State has the right, under a general notice of appropriation, to insist that title to the fixtures has passed to it with the land, the owner has the correlative right to insist upon payment. The law does not leave the title in a state of suspense. The value of the fixtures ought, therefore, to have been considered in estimating the total value of the property appropriated by the State.” (Italics supplied.)
It should be repeated that in that case the fixtures were left in the building, and the State was required to pay for them only because of that fact. The decision as to the difference between going concern value and second-hand value was directed towards determining an award for the fixtures thus remaining in the building.
In Banner Milling Co. v. State of New York (117 Misc. 33, 53-54) the Court of Claims did make an allowance for the very kind of damage asserted by claimants here, concluding that it was justified by the Jackson case (213 N. Y. 34, supra). The State, however, did not appeal from this portion of the order, but appealed only “ insofar as said findings, decision and judgment determine that the State of New York did interrupt and damage the good will of this flour manufacturing business theretofore carried on by [claimant] ” (Record in 210 App. Div. 812, fol. 429). The Fourth Department dismissed the State’s appeal, on the ground that no appeal lies from a decision or a finding of *210 fact. (210 App. Div. 812.) Therefore, the only issue in the Court of Appeals was claimant’s contention that it should have an award for loss of good will, and that is the only point covered in Judge Crane’s opinion (240 N. Y. 533).
That the Banner Milling case does not justify an award for the type of damage claimed here is established by the opinion of McAvoy, J., speaking for the First Department, in Matter of People v. Johnson & Co. (219 App. Div. 285) where he said (pp. 287-289): “ The defendant asserts that since this personal property was used or intended for use in the operation of the business conducted by the defendant on the land purchased by the State, it is entitled to collect from the State as damages the difference between what the personal property was worth on the day of condemnation and vesting under the deed, and the value of the personal property as removed from the plant; since this property was intended for use in connection with a going concern and could not be availed of in any other business without its removal and sale elsewhere, and on such removal, because of its kind and nature, would be of little or no value over the cost of removal, and consequently the value of the property was wholly or in large part destroyed when the plant ceased to operate. It is conceded that none of these items which are numerous and varied in character can be classed legally as fixtures. They are not attached to the structure but are movable and are legally personal property. Their value as used or ready for use in the operation of the plant is stipulated to be $152,000. Their value as separate items of personal property upon the discontinuance of the business, that is, their salvage value, has been established by the amount realized at auction sale under the stipulation of the parties to be $34,473.32. The amount of the award by the learned justice at Special Term is the difference between the salvage value and the value of the items as in use. While this is a substantial item of damage and would appear as a matter of first impression to be a proper basis for an award, yet the rule in this State, although somewhat confused by the seeming use of the term readily removable fixtures as describing personal property, is against the payment for any personal property in a condemnation of land by the State lohich remains the property of the claimant, except in the instance of awards of consequential damage to land or actual appurtenances thereto which still remain the property of the owner. The rule is that the court is to determine whether the article taken is personal property or is a fixture. If it is a fixture, it is taken as part of the real estate. If it is not a fixture, it does not go with the land. The value of fixtures ought, according to the latest *211 ruling in the Court of Appeals, be considered in estimating the total value of the property appropriated by the State. For the enhancement of value due to the presence of fixtures in a factory or warehouse, the owner should be compensated in the land award. (Jackson v. State of New York, 213 N. Y. 34.)
“ We are not persuaded that the Banner Milling case, which is relied upon by the claimant as authority and which affirmed a judgment of the Court of Claims, can be relied on as holding that pure personal property may be compensated for as though it were fixtures. (Banner Milling Co. v. State of New York, 240 N. Y. 533.) (Italics supplied.)
“ While the Court of Claims’ opinion (117 Mise. 33), which is not that upon which the judgment was affirmed, makes a distinction between what it calls fixtures not fairly removable and fixtures fairly removable, yet there is no distinction as a matter of law. If that which is damaged or lost be fixtures, it may be compensated for and nothing in the Banner Milling case justifies an award for personal property contrary to the rule which has uniformly been sustained. The Jackson Case (supra), on which the Banner Milling case was decided, holds in effect that an appropriation of land, unless qualified when made, is an appropriation of all that is annexed to the land, whether classified as buildings or as fixtures, and this is no novel ruling but that which had been frequently held. We conclude then that the award for personal property was erroneous and must be refused.” (Italics supplied.)
This problem is clarified by the illuminating opinion of Judge Lehman in Matter of City of New York (Allen Street) (256 N. Y. 236, 241-242). He said: “ For the enforced premature removal of property which is excluded from the taking, no consequential damages may be awarded. (Jackson v. State, supra; Banner Milling Co. v. State of New York, 240 N. Y. 533; Matter of N. Y., W. S. & B. Ry. Co., 35 Hun, 633) ”. He then pointed out the distinction between New York law and that of other jurisdictions, saying (pp. 243-244): “ In many jurisdictions the appropriation of real property may be qualified by the exclusion of structures upon the land. * * * In such jurisdictions the correct rule to be applied may be that as to fixtures of a tenant not taken ‘ the increased value of the premises for rent in consequence of the putting in of such fixtures and improvements may properly be considered in computing the damages to the leasehold estate.’ (Pause v. City of Atlanta, 98 Ga. 92, 105) * * * The decisions like Allen v. City of Boston (137 Mass. 319), Emery v. Boston Terminal Co. (178 Mass. 172), in Massachusetts, must be read in the light of the statutes in force in *212 that State [citing statutes], which permit the exclusion of structures, fixtures and even trees from the appropriation of the land to which they are annexed, and authorize the award of consequential damages when excluded. So read, these cases have no relevancy to the question presented here, where the appropriation of the real property has been subject to no qualifications.” (Italics supplied.)
From the foregoing language, I take the rule laid down by the Court of Appeals to be the same as that laid down by this Department in the Johnson case (219 App. Div. 285, supra), that no damages may be allowed for the diminution of value of fixtures removed by the condemnee, and therefore not indicated in the taking. Since Judge Lehman cites the Jackson and the Banner Milling cases as authority for his holding, it seems clear that this decision overrules the contrary holding of the Court of Claims in the Banner Milling case.
It is true, as claimant argues, that the Third Department, in Glen & Mohawk Mill Assn. v. State of New York (2 A D 2d 95) expressly approved a substantial award as damages for the difference between the value of fixtures which had been removed and the value which they added when used in connection with the property as a “ going concern ” in full operation (see 207 Misc. 1130, 1132-1133). That case also cited as authority the Banner Milling case of the Court of Appeals. However, since I read the Allen Street case as rejecting claimant’s contention and since it was expressly rejected by this Department in the Johnson case, I am bound by these determinations.
Let the Corporation Counsel prepare and submit a partial tentative decree accordingly.