Fuld, J.
In this condemnation proceeding, a tenant, having a lease of roof space for the maintenance of a sign, claims that it is entitled to compensation for the value of the sign which it had placed there.
On October 22, 1959, under its program for the clearance and rehabilitation of certain substandard areas within the Ellieott Redevelopment Project in the City of Buffalo, the plaintiff city served upon the defendant landlord a resolution of its Common Council appropriating the latter’s apartment building. Permanently annexed to the roof of that building was an advertising sign, 15 feet high and 40 feet long, owned by the tenant Whitmier & Ferris Co. (hereafter referred to as either tenant or claimant). The sign, attached to the roof and walls by steel beams and supports, could not be removed without damage to the building. For the use of the roof space, the tenant paid an annual rent of $250 under a lease which ran from year to year and gave the tenant a right to remove the sign at its expiration. The claimant’s customers rented the roof sign, denominated a “ spectacular ” in the trade, for $4,800 a year. The lease which the claimant had with the landlord expired on April 1, 1960. Prior to that time, and solely because of the city’s condemnation of the building, the landlord had notified the claimant that the lease would not be renewed.[1]
Following a trial, the Supreme Court awarded the landlord $47,250 for the land and building. It made no award to the tenant for the sign because, in the court’s view, it retained the characteristics of personal property and, consequently, was not *92 a “ compensable ” fixture. The Appellate Division, reversing the trial court’s judgment, held that the tenant was entitled to compensation for the sign and directed a new trial “ to establish damage, if any, by reason of the appropriation ” (19 A D 2d 853). Upon such new trial, the court found that the value of the sign, after deductions for depreciation and salvaged items, was $4,926 and awarded the claimant that amount, with interest. The city appeals from this determination.
It is settled that a tenant is entitled to compensation in condemnation proceedings for fixtures annexed to real property ‘ ‘ whenever the city in taking the real property destroys the leasehold interest of the tenant ”, even though they may remain, in consequence of an agreement between the parties, the personal property of the tenant with a right in the latter to remove them upon termination of the lease. (Matter of City of New York [Allen St.], 256 N. Y. 236, 241; see, also, Marraro v. State of New York, 12 N Y 2d 285, 292-293.) For the rule to apply, the annexation must, of course, be such that the fixtures ‘ ‘ would have become part of the real property if they had been installed permanently by the owner of the fee ” (Matter of City of New York [Allen St.], 256 N. Y. 236, 240, supra) and, indeed, it has recently been held, signs and billboards permanently affixed to land or buildings are compensable fixtures. (See, e.g., Rochester Poster Adv. Co. v. State of New York, 11 N Y 2d 1036; Whitmier & Ferris Co. v. State of New York, 12 A D 2d 165.)
In the light of the eases, the sign with which we are concerned was such a fixture. On the one hand, because it was permanently and firmly annexed to the roof and walls of the condemned building, it was not personalty which a public body might except from its appropriation. (Cf., e.g., Jacksons v. State of New York, 213 N. Y. 34, 36.) On the other hand, although not removable without causing some injury to the freehold, it had not “lost its identity by becoming a structural part of a building ’ ’. (Marraro v. State of New York, 12 N Y 2d 285, 292, supra; see, also, Matter of City of New York [Whitlock Ave.], 278 N. Y. 276, 283.) Quite properly, therefore, its value was not included in the valuation placed upon the building, and the tenant was entitled to a separate award. (See, e.g., Marraro v. State of New York, 12 N Y 2d 285, 292-293, supra.) The award to the owner of the building, it is quite true, included compensation *93 based on the rental value of the roof for sign-bearing purposes but that award did not in any way duplicate the award to the claimant; the landlord was allowed nothing for the value of the sign itself.
Nor does anything turn on the circumstance that the claimant’s lease expired on April 1, 1960, some weeks before the city took title to and possession of the property. The significant facts are that the condemnation proceeding was begun in October of 1959, by service of a resolution of the Common Council; that the proceeding thus commenced was tried in February, 1960; and that the decision of the trial court was rendered on March 28, 1960, all before the end of the lease term. It was solely because of the city’s initiation of the proceeding that the landlord had notified the tenant that the lease would not be renewed and requested it to remove the sign. By thus forcing the premature removal of the claimant’s fixture, the city effectively destroyed the value of the tenant’s sign except for the salvageable portions. (See, e.g., Matter of City of New York [Allen St.], 256 N. Y. 236, 248-249, supra; Matter of City of New York [North Riv. Water Front], 118 App. Div. 865, 866-867, affd. sub nom. Matter of City of New York [Collins], 189 N. Y. 508.)[2] In short, as this court recently wrote in the Marraro case (12 N Y 2d 285, 291, supra), “ although the tenant # * * loses his right to compensation for his leasehold, he does not lose the right to be paid for his removable fixtures. * * * [T]he parties might have chosen to preserve the value of the fixtures ‘ either by renewal of the lease or by transfer of title to the fixtures from the tenant to the owner of the fee. Choice lay with the tenant and landlord, and how that choice would have been exercised rests in speculation which does not concern the courts in this jurisdiction.’ (256 N. Y., p. 249.) ”
The judgment appealed from should be affirmed, with costs.
Chief Judge Desmond and Judges Dye, Yah Yookhis, Bubke, Scileppi and Bebgah concur.
Judgment affirmed.

. Claimant removed the sign, at the landlord’s request, on July 15, I960; the city, under a resolution of its Common Council dated April 19, 1960, took title to the property and on April 26 it went into possession.

. In the Allen Street case (256 N. Y. 236, supra), the lease had but five months to run at the time of the city’s taking and the lease contained a provision that it was to come to an end when possession of the property was acquired by a public authority for a public purpose. Nevertheless, as already indicated, this court held that the tenant was entitled to compensation for his fixtures.