Abraham N. Geller, J.
In this condemnation proceeding claimant, Aero-Chatillon Corporation, engaged in the business of manufacturing scales, occupied the building comprising Damage Parcel 134. The fee award did not include the fixtures installed by claimant. A separate trial has been held with regard to the fixture claim filed by this claimant.
Title vested on November 2, 1964. Claimant continued in possession until January, 1966 after being notified by the city in 1965 that it would have to move out. Claimant thereafter moved to a new location in Kew Gardens, Queens, taking with it practically all of the machines as distinguished from the auxiliary equipment, building, fixtures and connecting wiring, ductwork, and plumbing lines.
When first advised that it would have to make preparations to move, claimant filed notice of claim in September, 1965 for 243 items of claimed fixtures. In April, 1966, after it had moved, it filed an amended claim for 149 items, deleting the items removed to the new location. Then in November, 1966 a supplemental amended claim was filed for the original 243 items, which was separated at the trial into a claim of $87,828 for the sound value of items left and a claim of $91,290 for damages with respect to items removed.
This last version is based upon the contention of claimant’s attorneys that the decisional law of this State denying compensation in condemnation proceedings for items removed from the premises (reviewed in United States v. Certain Properties, 306 F. 2d 439, 344 F. 2d 142, and Matter of City of New York [Slum Clearance], 24 Misc 2d 206, 208-212) has been overturned by recent cases allowing a claim for the value of removed equipment less salvage value (City of Buffalo v. Michael, 16 N Y 2d 88; Cooney Bros. v. State of New York, 27 A D 2d 93 [3d Dept.]; Matter of City of New York [Field’s Baking Corp.], 27 A D 2d 539, [2d Dept.]).
*426 City of Buffalo v. Michael (supra) involved an advertising sign annexed to the roof in such a manner that it could not be removed without damage to the building. It was held to be a fixture. The court .said (16 N Y 2d 88, 93): “It was solely because of the city’s initiation of the proceeding that the landlord had notified the tenant that the lease would not be renewed and requested it to remove the sign. By thus forcing the premature removal of the claimant’s fixture, the city effectively destroyed the value of the tenant’s sign except for the salvageable portions.” The award was for the value of the sign, after deductions for depreciation and “ salvaged items.”
Cooney Bros. v. State of New York (supra) involved ‘ ‘ unique ” heavy equipment installed by a gravel manufacturer engaged in the production of sand and gravel on land appropriated under the State Highway Law. Claimant was compelled to move its operation, including most of its equipment, to another location at a tremendous cost. The Appellate Division, Third Department, held that City of Buffalo v. Michael had overturned the rule laid down in the line of New York cases as to the estoppel effected by a claimant’s removal of an installation which might otherwise be considered a fixture, stating (27 A D 2d 23, 97): “We read that opinion to hold that since the act of condemnation forces premature removal of a fixture, the condemnor is liable when the fixture is removed by the tenant for the value of that fixture less its salvage value.”
Matter of City of New York [Field’s Baking Corp.] (supra) involved a bakery building which had been extensively modified and altered to accommodate the special equipment installed. The court held that the equipment satisfied the three-fold fixture test of annexation to the realty, application to the purpose for which it was devoted, and intention of permanence. With regard to fixtures removed and used by claimant at another location, it was pointed out (27 A D 2d 539, 540) that “ awards for fixtures removed must, of course, be adjusted down to reflect the value of such fixtures when severed ”.
It should be noted that there has been no decision defining the scope and extent of applicability of the principle stated in City of Buffalo v. Michael (supra) and that there has been no decision as yet on the issue here raised by the Appellate Division of this Department.
The court does not deem these three recent decisions applicable to the circumstances here shown. They all involved special situations not comparable to the nature of this installation and the type of machinery removed by this claimant to its new location.
*427 Machinery normally is personal property except where “ it is installed in such manner that its removal will result in material injury to it or the realty, or where the building in which it is placed was specially designed to house it, or where there is other evidence that its installation was of a permanent nature ” (Matter of City of New York [Whitlock Avenue], 278 N. Y. 276, 281-282). In McRea v. Central Nat. Bank (66 N. Y. 489, 495-496), discussing some of the tests that “have been frequently applied in determining whether the annexation was intended to be temporary or permanent, ’ ’ the court referred to the following as ‘ ‘ convincing evidence that the intention was that the attachment should be permanent * * * where the building is constructed expressly to receive the machine or other articles, and it could not be removed without material injury to the building, or where the article would be of no value except for use in that particular building, or could not be removed therefrom without being destroyed or greatly damaged.”
These machines selected and removed by claimant, while leaving considerable other equipment and fixtures, were standard items, bought from stock or catalogues. The building was not specifically designed or altered to accommodate -them. For the most part they were not attached to the structure but to piping and wiring. Claimant’s argument that, since the piping and wiring attached to the structure are concededly fixtures and compensable, the same should be true with respect to machines attached to such appurtenances, is untenable. If this were so, then all machines would be compensable fixtures, as they require some wiring or piping before they can be operated. Here, while the piping and wiring would, of course, be destroyed on removal and lose all their value, there is clear indication that the machines removed had substantial value after removal.
Applying the Whitlock and McRea tests these removed machines do not satisfy the requirements for a fixture. Their removal did not result in material injury to them or to the realty; the building was not specially designed or altered to house them; and there is no other evidence that their installation was of a permanent nature, there being in fact evidence that their annexation was not intended to be a permanent accession to the realty in that they could be and were removed from that particular building for the same use and purpose in another location without a substantial loss in value. The value of their piping and wiring at the condemned site has been included in the appraisals and the court’s award; the reproduction value of their installation in place, less depreciation, has been found by the court to be compensable and. included' in the award; and *428 while moving expenses as such are not compensable in condemnation proceedings, claimant has received with respect to the removal of these machines the $25,000 maximum moving expenses allowable under the Federal act and regulations governing this urban renewal project.
Moreover, even assuming a right to recover compensation for the removed items, claimant’s proof of damage based on City of Buffalo v. Michael (16 N Y 2d 88 supra) cannot be accepted as the measure of ‘ ‘ just compensation ’ ’ under these circumstances. In City of Buffalo (p. 93) the court held that the city had “ effectively destroyed the value of the tenant’s sign except for the salvageable portions ” and the award was for the value of the sign after deductions for depreciation and salvaged items. Here these machines, constituting the bulk of the machinery and equipment, were selected by claimant and removed to the new plant for continued use in its business. Their value was not destroyed except for salvageable portions. In fact, they were not salvaged but rather are being used in the same manner as they had been in the old premises. To give claimant ‘1 the difference between value of the equipment in place as part of a going concern and its second-hand or salvage value,” as claimant urges in support of its method of proving damage for the removed items, would constitute a windfall and unjust enrichment to claimant, which has continued to use the. equipment as part of its going concern at its new location.
For the reasons stated the claim as filed and presented at the trial with respect to the removed items is disallowed.
Claimant is, however, entitled to the reproduction value of the original installation of the items removed, less depreciation, in the amount of $18,120. The city’s claim of setoff for the amount paid by the Department of Relocation allegedly allocable to rigging in their reinstallation at the new location is denied without prejudice. The proof in support of this contention offered by the city on the trial of this fixture claim was insufficient. Moreover, the court has held (N. Y. L. J., June 15, 1967, p. 17, col. 5) 'that the city’s general motion for similar setoff relief based on payments made by the Department of Relocation should as a matter of practical and orderly procedure be denied without prejudice to any other remedy the city may be advised to pursue.
The court has set forth in a schedule hereto annexed those items left at the condemned site found to be fixtures and compensable, together with their .sound value. The total amount thereof is $55,834. In addition, claimant is entitled to $5,610, representing the depreciated reproduction value of the original *429 installation of those of the items left at the premises whose appraised and determined sound value does not include such component.
The city’s motion to strike items 37A and 123A on the ground that they were not included in the claims or affidavits filed is denied. Although section B15-11.0 of the Administrative Code requires claims with inventory to he filed on or before the date specified in a notice published in the City Becord, the city has not invoked any penalty thereunder with regard to fixture claims, particularly since occupants are permitted to remain for some time after vesting of title. Here there was no showing of prejudice to the city, since its expert found these two items at the site and considered them in his appraisal.
Claimant is accordingly awarded the sum of $79,564. for its fixture claim.
[Schedule of items found to be fixtures omitted.]