STATE OF NEW JERSEY, BY THE COMMISSIONER OF TRANSPORTATION, PLAINTIFF, v. P. & C. REALTY CO., INC., *ET AL.*, DEFENDANTS.

Superior Court of New Jersey
Law Division

Argued October 13, 1972—Decided December 4, 1972.

As Amended January 8, 1973.

Mr. George F. Kugler, Jr., Attorney General of New Jersey, for plaintiff (Mr. Robert J. Bossolt, Deputy Attorney General, appearing).

Messrs. Brenman, Susser and Piper, for defendant P. & C. Realty Co., Inc., (Mr. Herbert Susser appearing).

CRANE, A. J. S. C. This is a condemnation matter in which the State has taken a parcel of property and a building owned by defendant in Paterson, New Jersey. The building was used as a clothing factory and contained sewing and pressing machinery suitable for such a purpose. Defendant has brought this motion requesting the court to instruct the condemnation commissioners to award damages by evaluating the premises as a functional unit, including the machinery.

It has been stipulated that the machinery is the kind usually used in clothing manufacture, that it is not unique or complex, is movable and has in fact been moved to another location. The State concedes for the purposes of this motion that the building and the machinery as used prior to the condemnation did constitute a functional unit but it contends it has an option to pay for the machinery or moving expenses and it has announced its election to pay for moving expenses.

Counsel agree that the facts in this case are almost identical to those in the matter of Housing Authority of Clementon v. Myers, 115 N. J. Super. 467, 480 (App. Div. 1971). In that case it was held that where a condemnee

had removed machinery at his own expense from a building theretofore operated as a functional unit he was entitled to the value of the functional unit, including the machinery, or to the value of the land and building plus the expense of moving the machinery, at the option of the condemnor.

On behalf of the condemnee it is now argued that the option available to the condemnor under the *Myers* case is no longer available in view of the adoption of the Eminent Domain Act of 1971, *N. J. S. A.* 20:3-1 *et seq.* Specifically, it is argued that the term "property," as defined in *N. J. S. A.* 20:3-2(d), requires inclusion of the value of the machinery. In short, it is argued that the adoption of the statute has modified the rule of the *Myers* case in such a way as to deny the condemnor the option of paying for the value of the machinery or the cost of moving.

In order for the condemnee's point of view to prevail, the Court would have to find that the machinery in question fits within the definition of property found in *N. J. S. A.* 20:3-2(d):

"Property" means land, or any interest in land, and (1) any building, structure or other improvement imbedded or affixed to land, and any article so affixed or attached to such building, structure or improvement as to be an essential and integral part thereof, (2) any article affixed or attached to such property in such manner that it cannot be removed without material injury to itself or to the property, (3) any article so designed, constructed, or specially adapted to the purpose for which such property is used that (a) it is an essential accessory or part of such property; (b) it is not capable of use elsewhere; and (c) would lose substantially all its value if removed from such property.

First of all, the fact that the machinery has been removed militates against defendant's position. If the machinery was an "essential and integral part" it undoubtedly would not have been removed. The fact of its removal negates a conclusion that "it cannot be removed without material injury to itself or to the property." And its na-

ture and character as well as the fact of removal indicate it "is capable of use elsewhere," and that it would not "lose substantially all its value if removed." Consequently, the machinery has not been shown on the basis of the stipulation to come within the definition of property as set forth in *N. J. S. A.* 20:3–2(d).

The condemnee stresses the point that its plant operated as a "functional unit." The phrase seems to have first appeared in our case law in the opinion of the Supreme Court in *State v. Gallant,* 42 *N. J.* 583, 590 (1964). The concept is expressed in the following language:

The value of a factory containing industrial equipment employed in the business for which the property is being used is ordinarily greater than that of an empty and idle building. Such equipment in place adds more to the value of the realty than its second-hand salvage value separated from the premises. An owner, who is under no duress, and where the building and machinery are a functional unit, would undoubtedly sell only at a price which would reflect that increased value. Where, therefore, a building and industrial machinery housed therein constitute a functional unit, and the difference between the value of the building with such articles and without them, is substantial, compensation for the taking should reflect that enhanced value. This, rather than the physical mode of annexation to the freehold is the critical test in eminent domain cases. See *Harvey Textile Co. v. Hill,* 135 *Conn.* 686, 67 *A.* 2d 851 (Sup. Ct. Err. 1949) ; *Jackson v. State, supra* [213 N. Y. 34, 106 N. E. 758]

*Myers, supra,* followed *Gallant* in making use of the phrase and applying the concept of the "functional unit." The Legislature, however, in enacting *N. J. S. A.* 20:3–2(d) chose not to use the phrase. It chose instead other defining language which, as we have concluded above, does not fit the factual situation at hand.

The fact that the machinery has been removed is most significant, as we have pointed out above. Defendant seeks to have this fact ignored and requests an instruction to the condemnation commissioners requiring them to include the value of the machinery in their award. Such a result would unjustly enrich the landowner, for he would receive com-

pensation for the machinery while still retaining possession of it. Such a result has not been permitted by any cases of which we are aware. Neither *Harvey Textile Co. v. Hill,* 135 *Conn.* 686, 67 *A.* 2d 851 (Sup. Ct. Err. 1949), nor *Jackson v. State,* 213 *N. Y.* 34, 106 *N. E.* 758, *L. R. A.* 1915D, 492 (Ct. App. 1914), upon which reliance was placed *in Gallant, supra,* contemplated such a result. In *Harvey Textile* the lower court was reversed because it failed to permit the inclusion of moving expenses in the total award. In *Jackson v. State* the trial court was specifically directed by the Court of Appeals to develop the facts concerning the removal of certain items of machinery at the new trial and make findings of fact thereon. In neither case was there any suggestion that the landowner should be compensated for the value of the machinery while at the same time being permitted to remove it. Removal of the machinery after the taking is certainly a circumstance which may properly be shown to the trier of the facts. *Cf. N. J. Highway Authority v. Wood,* 39 *N. J. Super.* 575, 582 (App. Div. 1956), certif. den. 21 *N. J.* 551 (1956).

It does not follow, of course, that defendant is precluded from recovering reasonable moving expenses as part of the compensation to be awarded by the commissioners.

The rule of the *Myers* case has not been abrogated in any sense by the enactment of the Eminent Domain Act of 1971. The rationale of the case was not dependent solely upon statutory construction. Rather, it was founded upon notions of fundamental fairness in the light of "contemporary realities" in interpreting the constitutional phrase "just compensation" as it appears in *N. J. Const.* (1947), Art. 1, par. 20. "The Legislature cannot in any event constitutionally mandate the payment of less than 'just compensation' as the courts determine that to be." *Myers, supra,* 115 *N. J. Super.* at 479. Moreover, the term "compensation" has been defined by the statutes as meaning "the just com-

pensation which the condemnor is required to pay and the condemnee is entitled to receive according to law." *N. J. S. A.* 20:3-2(h). Undoubtedly the Legislature had in mind the thought that the phrase "according to law" would include judicial decisions as well as legislative enactments. *Cf. Seatrain Lines v. Medina*, 39 *N. J.* 222, 230 (1963). Moreover, the legislature left undisturbed the provisions of *N. J. S. A.* 27:7-58 *et seq.* which require the State Department of Transportation to pay to "a person displaced by a transportation project * * * actual reasonable expenses in moving * * * his business * * *." *N. J. S. A.* 27:7-60. See also *N. J. S. A.* 20:4-4.

In this case the State has indicated its willingness to pay the reasonable expense of moving the machinery. The condemnation commissioners will thus be instructed to make a finding with respect to such reasonable expenses and to include them in their award of compensation to be made pursuant to the provisions of *N. J. S. A.* 20:3-12(g).