■ MARY J. MORDECAI et al., Respondents-Appellants, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 66626.)—In a condemnation claim, the defendant State of New York appeals, and claimants cross-appeal, from a judgment of the Court of Claims (Orlando, J.), dated July 12, 1984, which awarded claimants the principal sum of $262,125 with interest at the rate of 6% per annum from July 25, 1979 to August 5, 1981 and from May 7, 1982 to April 1, 1983, and at a rate of 9% per annum from April 1, 1983 to May 17, 1984.

Judgment modified, on the law, by deleting from the first decretal paragraph thereof the words "July 25, 1979 to August 5, 1981, and from May 7, 1982 to April 1, 1983", and substituting therefor the words "July 25, 1979 to April 1, 1983". As so modified, judgment affirmed, without costs or disbursements.

Although it may be questionable whether a special permit for a fast-food restaurant would have been granted for the condemned premises, there is other adequate evidence in the record to support the condemnation court's fact findings of value (*see, e.g., Matter of City of New York [A. & W. Realty Corp.],* 1 NY2d 428), particularly since the State's comparable land sales are of little probative value. However, the trial court erred in suspending interest on the award from August 6, 1981 through May 6, 1982. Although counsel, at oral argument of the appeals, debated the issue of whether the claimants failed to file and serve their claim against the State within six months after the accrual of the claim, or within six months after personal service of the notice of acquisition by the State (*see,* EDPL 514 [B]), there is no indication either in

the record or the trial court's decision that the claimants delayed in filing their claim. Therefore, interest on the award should not have been suspended. Lazer, J. P., Thompson, Weinstein and Eiber, JJ., concur.