■ In the Matter of MARY J. MORDECAI et al., Appellants, v STATE OF NEW YORK et al., Respondents.—Weiss, J.

Petitioners commenced this CPLR article 78 proceeding seeking to compel respondent State of New York, through respondent Comptroller, to pay a judgment rendered by the Court of Claims, as affirmed by the Appellate Division, Second Department, in a condemnation proceeding *(see, Mordecai v State of New York,* 118 AD2d 763). A brief history is in order.

Petitioners were the fee owners of a parcel of land located in the Town of Islip, Suffolk County, which the State appropriated for highway purposes in 1979. In July 1979, the State proposed an advance payment of $351,000 for the land, buildings and fixtures condemned.* The offer was accepted and ultimately distributed pursuant to Supreme Court order in January 1982 (see, EDPL 304 [E]). Of the $351,000, $241,100 was allocated for the land owned by petitioners and Ann K. Malin, who held a partial interest in parcel A. The remaining $109,900 was allocated to the buildings and fixtures owned by various third parties, who signed releases in petitioners' favor in return for their allocated shares.

Thereafter, insofar as here pertinent, petitioners filed a claim for further compensation relative to parcels B, C and D as identified in the State's appraisal. Following a trial, the Court of Claims assessed the value of these parcels at $262,125. The court specified that the valuation was for land only, without regard to improvements, and further noted that: "The award to claimants is exclusive of any claims of persons other than the owner of the appropriated property, mortgages and lienors having any right or interest therein." Upon appeal, the Second Department simply modified the interest award (Mordecai v State of New York, supra).

The State subsequently sent petitioners a claim voucher for $262,125, less an advance payment of $239,642, representing the total sum advanced for parcels B, C and D, for an overage of $22,483. Petitioners rejected the voucher as inappropriate since it deducted an amount advanced not only for the land, but also for the buildings and fixtures. Since the judgment was based on land value only, petitioners asserted that only the $152,900 advanced for the land should be set off against the

---

* This sum was computed in accordance with a State appraisal dividing the parcel into four separate units, as follows:

| (1) | Parcel A | - Gas Station | | (3) | Parcel C | - Vacant Land |
|-----|----------|---------------|---|-----|----------|----------------|
| | Land | $ 88,200 | | | Land | $ 71,600 |
| | Building | 9,800 | | | | |
| | Fixtures | 13,350 | | (4) | Parcel D | - Frame Buildings |
| | | $111,350 | | | Land | $ 51,600 |
| | | | | | Building | 45,100 |
| (2) | Parcel B | - Barbeque Store | | | Fixtures | 15,500 |
| | Land | $ 29,700 | | | | $112,200 |
| | Building | 15,800 | | | | |
| | Fixtures | 10,350 | | | | |
| | | $ 55,850 | | | | |

judgment leaving a balance due of $109,225. Faced with this impasse, petitioners commenced the instant proceeding seeking to compel an appropriate payment of the judgment. Supreme Court dismissed the proceeding as premature for lack of the statutorily required documentation (see, Court of Claims Act § 20 [6]).

We reverse. Initially, we observe that the actual valuation and allocation of value between land, buildings and fixtures was established by the Court of Claims, as affirmed by the Second Department, and is not at issue here. Our inquiry concerns the appropriate setoff against the judgment for the advance payment made by the State. Pursuant to Court of Claims Act § 20 (9), when an advance payment is made, the Comptroller must first "deduct from the total amount awarded as principal and interest the amount of principal paid under the *terms of the partial payment offer* and all interest thereon" (emphasis supplied) before paying the judgment. The State construes this provision as requiring a deduction of the entire advance payment relative to parcels B, C and D, without regard to the allocations between land, buildings and fixtures. The State's calculation effectively imposes the cost of compensating the building and fixture owners on petitioners (see, *City of Buffalo v Michael,* 16 NY2d 88, 92-93). As the underscored phrase indicates, however, the statute directs a deduction in accord with the "terms" of the advance payment. Since the judgment obtained represents an award for land only, petitioners rightly contend that only so much of the advance payment commensurate with the land appropriated should be subtracted from the judgment award. Since petitioners actually received an advance of $152,900 for parcels B, C and D, that sum must be deducted from the judgment of $262,125, leaving a balance due petitioners of $109,225. In this manner, petitioners are compensated for the full value of the land condemned.

We recognize that the Comptroller is without authority to satisfy the judgment until provided with the appropriate documentation, as set forth in Court of Claims Act § 20 (6). In view of our determination herein, the State, through the Attorney-General, should forthwith submit to petitioners the proper voucher and supply the Comptroller with the other instruments required by the statute within its power to produce (see, *Matter of Riccotta v Lefkowitz,* 19 AD2d 940). Since petitioners have a clear legal right to the payment of the judgment, mandamus lies to compel the performance of these

ministerial acts *(see, Klostermann v Cuomo,* 61 NY2d 525, 539).

Judgment reversed, on the law, without costs, petition granted and respondent State of New York through the Attorney-General, is directed to file all pertinent documents in their control with respondent Comptroller and to issue a voucher in the amount of $109,225 to petitioners. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.